|2GOTHARD, Judge.
This is an appeal from a decision of the trial court maintaining a defense exception of prematurity. We reverse.
Plaintiffs in this action, Joseph Vizzini and Cindy Scioneaux, are the managing partners of Vizzini Arabians III. In their petition they allege that the defendant, Katherine G. Ward, entered into a partnership agreement with Vizzini Arabians III, (Partnership). The petition further asserts that, subsequently, the Partnership entered into a loan agreement with Delta Savings and Loan Association (Delta), whereby it executed a promissory note in the amount of $1,000,-000.00. The plaintiffs claim that defendant did not pay her entire portion of the loan obligation, nor her annual payment of $20,-000.00 due under her initial capital contribution to the Partnership. The Partnership is now defending an action for non-payment of the entire proceeds of the loan.
Defendant filed an exception of prematurity in which she argued that the debt sued on in this action is the same debt allegedly owed by the partners in another suit entitled Southwest v. Arabians III. Consequently, defendant argues |3that if the partners prevail in the defense of the second suit the debt will not have to be paid by any of the partners.
Although it is not clear from this record, it appears that the second action to which the defendant refers in the exception is the suit on a note filed in response to the failure of the Partnership to pay the proceeds due on the promissory note to Delta.
In her argument to the trial court in support of the exception, defendant compares the instant case to, “legal malpractice suits in which the attorney is sued for mistakes in other litigation he is handling for the legal malpractice plaintiffs prior to the conclusion of that litigation.” In support of this argument she cites, Clulee v. Louisiana Materials Co., Inc., 590 So.2d 780 (La.App. 5 Cir. 1991); writ denied, 594 So.2d 1323 (La.1992). The trial court, finding this argument persuasive, maintained the exception and dismissed the plaintiffs suit without prejudice.
Prematurity is a defense which must be raised by dilatory exception. LSA-C.C.P. art. 926. The function of the exception of prematurity is to raise the issue that the judicial cause of action has not come into existence because some prerequisite condition has not been fulfilled. Jarrell v. American Medical Intern., Inc., 552 So.2d 756 (La.App. 1 Cir.1989), writ denied, 556 So.2d 1282 (La.1990). Prematurity contemplates that the action taken by the petitioner occurs prior to some procedure or assigned time. It is usually utilized in cases wherein the law or contract has provided a procedure for one aggrieved of a decision to seek relief before resorting to judicial action. Jones v. Crow, 633 So.2d 247, 249 (La.App. 1 Cir.1993). The exceptor has the initial burden of showing that an administrative remedy was available by reason of which the |4judicial action was premature. Steeg v. Lawyers Title Insurance Corporation, 329 So.2d 719 (La.1976); Jarrell v. American Medical Intern., Inc., supra; Jones v. Crow, supra.
LSA-C.C.P. art. 423 provides that the right to enforce a contractual obligation may not accrue immediately upon the creation of the obligation. That article further provides, “When the obligation allows a term for its performance, the right to enforce it does not accrue until the term has elapsed. If the obligation depends upon a suspensive condition, the right to enforce it does not accrue until the occurrence or performance of the condition.” Prematurity is determined by the facts existing at the time suit is filed. Sevier v. U.S.F. & G., 497 So.2d 1380 (La. 1986).
*737 We find defendant’s reasoning that the obligation to pay will not come about until the second suit on the note is adjudicated to be unconvincing. While both the defendant and the plaintiffs, as partners, may or may not owe additional funds to Delta and/or its assigns as a result of the loan, the issue of whether the Partnership is liable for the balance of the loan to Delta is separate and distinct from the issue of whether defendant breached her obligation to pay funds due under the partnership agreement.
We do not find the case cited by defendant concerning legal malpractice to be applicable. This situation is factually distinguishable. Here the parties entered into a partnership agreement which created a contractual obligation enforceable by a civil action which may be prosecuted in a court of competent jurisdiction according to the rules of civil procedure. LSA-C.C. 1906, C.C.P. arts. 421, 422. Plaintiffs have initiated such a procedure.
|5The petition alleges that the defendant entered into a valid partnership- agreement. The petition further alleges that she has failed to meet her obligations under that agreement both in her failure to pay the annual payment due under her initial capital contribution and in her failure to pay her share of the loan to Delta.
The partnership agreement was not included in the record before this court. However, defendant does not suggest that she was not a partner when the debt to Delta was incurred. Nor has she made any allegation that the agreement contains a provision by which the parties agreed to any term for performance or suspensive condition which has not been met, which would make this action premature. Thus, we find the defendant has failed in her burden to show that this action was taken prior to some required procedure, resolution of some suspensive condition to the obligation, or assigned time for meeting the obligation.
Although we make no comment on whether the defendant owes money to the Partnership, we do hold that the exception of prematurity was improperly maintained by the trial court and accordingly we reverse that ruling, reinstate plaintiffs’ action, and remand the matter to the trial court for further proceedings.
REVERSED AND REMANDED.