| PHILIP C. CIACCIO, Judge Pro Tem.
Plaintiff, Frederick Collins, appeals a trial court judgment granting a motion to compel arbitration filed by defendants, The Prudential Insurance Company of America d/b/a Prudential Preferred Financial Services (“Prudential”) and Leo Beau-lieu, a managing director with Prudential. We reverse and remand.
In 1989, plaintiff became employed by Prudential as an insurance agent. By memorandum dated May 4, 1995, Beaulieu informed plaintiff that his employment was being terminated. All Prudential associates received a memorandum from Beau-lieu dated May 8, 1995, which stated as follows:
I regret to inform you of an incident that transpired last week which caused the termination of Rick Collins. It is not appropriate for me to go into details in this memo, but I will discuss the issue in Client Builder if you wish.
This is a good time to remind ourselves of Prudential’s Core Values. Mutual respect for each other and Integrity, the honest and ethical behavior in all interactions with our clients and associates, are two of the values I based my decision for Mr. Collin’s [sic] termination. The FSO is building on a vision based on our Core Values.
On June 5, 1995, Prudential filed with the National Association of Securities Dealers, Inc. (“NASD”) a Form U-5, Uniform Termination Notice for Securities Industry Registration. On this form, Prudential listed the reason for plaintiffs termination as “Improper Conduct with Co-Workers in the Business Office.”
| ¡.Plaintiff filed a petition for damages in Civil District Court for Orleans Parish, naming Prudential and Beaulieu as defendants. In this petition, plaintiff alleged that Beaulieu impugned plaintiffs reputation by falsely implying in the May 8, 1995 memorandum that he had been fired for reasons pertaining to honesty and ethics. According to plaintiff, these alleged misrepresentations adversely affect plaintiffs ability to develop business ■ in his field where honesty and proper handling of financial interests of clients are crucial. Plaintiff alleges that Beaulieu, by circulating the May 8, 1995 memorandum, committed acts of libel and defamation and intentionally inflicted emotional distress upon him, thereby rendering him liable to plaintiff. Plaintiff also alleges that Prudential is liable to plaintiff for the acts of its employee, Beaulieu.
Defendants Prudential and Beaulieu filed a joint motion to compel arbitration of all disputes raised in this action. In this motion, the defendants also requested a stay of the instant proceedings pending arbitration. Defendants’ argument that arbitration should be compelled is based on the fact that when plaintiff became employed by Prudential, he signed a Form U-4, Uniform Application for Securities *387 Industry Registration or Transfer, which contained a binding arbitration provision. It is undisputed that plaintiff signed the Form U-4.
In the Form U-4, plaintiff agreed “to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organization with which I register.” Plaintiff registered with the NASD, which adopted the Code of Arbitration Procedure. That code contains a section entitled “Matters Eligible for Submission,” which states:
|sThis Code of Arbitration Procedure is prescribed and adopted pursuant to Article VII, Section 1(a)(3) of the ByLaws of the Association for the arbitration of any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) with any member, with the exception of disputes involving the .insurance business of any member which is also an insurance company:
(a) between or among members;
(b) between or among members and associated persons;
(c) between or among members or associated persons and public customers, or others; and
(d) between or among members, registered clearing agencies with which the Association has entered into an agreement to utilize the Associa-' tion’s arbitration facilities and procedures, and participants, pledgees, or other persons using the, facilities of a registered clearing agency, as these terms are defined under the rules of such a registered clearing agency.
After a hearing, the trial judge granted the motion to compel arbitration and ordered that the instant proceedings, and all actions therein, be stayed pending the final results of any arbitration initiated by plaintiff. The judge stated at the conclusion of the hearing that the statements in the. May 8, 1995 memorandum involved plaintiffs termination and the only relationship between the parties was employer/employee; therefore, she concluded that the plaintiffs claims are covered under the arbitration agreement. Plaintiff appealed.
Before addressing plaintiffs arguments on appeal, we must first consider whether or not the trial court judgment granting the motion to compel arbitration is a final, appealable judgment. A motion to dismiss plaintiffs appeal was filed in this court and the motion was referred to the appeal panel. The defendants argue | ¿that the judgment compelling arbitration is not a final judgment and, thus, not appealable.
The Louisiana Binding Arbitration Law, La. R.S. 9:4201 et seq., is silent on the issue of appealability of judgments compelling arbitration. However, in Blount v. Smith Barney Shearson, Inc., 96-0207 (La.App. 4 Cir. 2/12/97), 695 So.2d 1001, writ denied, 97-0952 (La.5/30/97), 694 So.2d 246 and 97-0970 (La.5/30/97), 694 So.2d 247, an appeal was taken from a trial court judgment maintaining an exception of prematurity which was based on the existence of an agreement between the parties to arbitrate. Although the appeal-ability of the judgment in Blount was not at issue, this court treated that judgment, which basically compelled arbitration, as an appealable judgment. Similarly, in Wied v. TRCM, LLC, 30,106 (La.App. 2 Cir. 7/24/97), 698 So.2d 685, the Second Circuit did not question the right of a party to appeal a trial court judgment that refused to enjoin the arbitration of an employment agreement.
Because appeals from judgments that effectively compel arbitration are not unprecedented in Louisiana, . we find the judgment in this case to be appealable. An additional reason for allowing an appeal in this particular case concerns our determination that the dispute in this case *388 is not subject to arbitration as explained below. To disallow an appeal in this case would force the arbitration of a claim that is not covered under the arbitration agreement.
Plaintiff argues on appeal that the trial judge erred in determining that plaintiffs causes of action in his lawsuit were subject to arbitration under the agreement signed by plaintiff when he began his employment with Prudential. Prudential counters that this dispute is covered under the agreement because it is one “arising out of or in connection with the business of any member of the | ..¡Association, or arising out of the employment or termination of employment of associated person(s) with any member ... (a) between or among members; (b) between or among members and associated persons ...” (emphasis added).
The determination as to whether to stay or compel arbitration is a question of law. Hennecke v. Canepa, 96-0772 (La.App. 4 Cir. 5/21/97), 700 So.2d 521, writ denied, 97-1686 (La.10/3/97), 701 So.2d 210. The standard of appellate review of questions of law is to determine whether the trial court was legally correct or legally incorrect. Cangelosi v. Allstate Insurance Co., 96-0159 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358, writ denied, 96-2586 (La.12/13/96), 692 So.2d 375. If the trial court’s decision was based on its erroneous interpretation or application of law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court. Conagra Poultry Co. v. Collingsworth, 30,155, p. 2 (La.App. 2 Cir. 1/21/98), 705 So.2d 1280, 1281-1282.
We conclude that plaintiffs causes of action in his lawsuit filed in the trial court do not arise out of the termination of his employment with Prudential. By Prudential’s own admission, the reason for plaintiffs termination was “improper conduct with co-workers in the business office.” The May 8, 1995 memorandum from Beau-lieu to plaintiffs former co-workers was sent after the termination had already taken place and included gratuitous vague remarks about integrity, honesty and ethical behavior in interactions with clients. These remarks are the ones that form the basis for plaintiffs causes of action in libel, defamation and intentional infliction of emotional distress. Because the torts alleged by plaintiff in his lawsuit against defendants are unrelated to the grounds stated by Prudential for plaintiffs termination, his lawsuit claims are outside the bounds of the arbitration agreement.
| (jLSA-R.S. 9:4202 states:
If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration, (emphasis added).
We conclude that the trial judge’s determination that the claims raised in' plaintiffs lawsuit are covered under the arbitration agreement was erroneous as a matter of law. Therefore, we hold that the trial judge erred in granting Prudential’s motion to compel arbitration of plaintiffs claims.
For the reasons stated above, the trial court judgment compelling arbitration of plaintiffs claims is reversed. This matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.