JiSULLIVAN, Judge.
Thirteen firefighters filed this class action suit on behalf of all full-time firemen employed by the City of Lafayette. The plaintiffs alleged that changes to the City’s “holiday pay” policy failed to compensate shift-duty firemen for the minimum number of holidays required by La.R.S. 33:1999 and discriminated against firefighters among themselves and with other fire department employees. The trial court rejected all but one of the plaintiffs’ demands, and they have appealed.
Facts
The City employs three rotating crews of firemen, called fireline shift employees. At one time, the City gave all fireline shift employees either “double pay” |2or additional time off for ten designated holidays, without regard to whether the firemen actually worked on those holidays.
Beginning in 1986, the City made several changes to this policy. First, effective November 1, 1986, the City began paying a fireman whose regularly scheduled day off fell on a designated holiday only his regular salary for that day. In other words, the City no longer offered a fireman who was not scheduled to work on a holiday the option of either “double pay” or an extra day off. This option was reserved for those fireline shift employees who were scheduled to work on the holiday. Second, effective January 1, 1989, the City began charging a fireman’s sick leave or annual leave account if that fireman was scheduled to work on a holiday and did not. Third, also effective January 1, 1989, the City began computing “holiday time” from only 7:00 a.m. to 7:00 p.m. on the holiday.
The plaintiffs filed suit on April 21, 1989, alleging that the above changes violated La. R.S. 33:1999. Plaintiffs further alleged that the changes were discriminatory because fireline shift employees were denied holidays afforded to other fire department employees and because similarly classified shift employees were paid different salaries for the same work, depending on the where holidays fell within the shift schedules.
The plaintiffs took no further action until they moved for certification of the class on April 2, 1993. The trial court granted the motion, and the ease proceeded to trial on August 15, 1995. After taking the matter under advisement, the trial court issued written reasons agreeing with the plaintiffs that the City should compute holiday time from midnight at the beginning of the holiday to midnight at the end of the holiday, but rejecting the plaintiffs’ claims that the holiday pay policy shortchanged firemen the statutorily mandated holidays or unlawfully discriminated against them. |3On appeal, the plaintiffs contend that the trial court erred in finding that La.R.S. 33:1999 did not mandate additional compensation for holidays that fell on a fireman’s regularly scheduled days off and in finding that the City validly amended its holiday pay policy.
Opinion
At the time plaintiffs filed suit, La.R.S. 33:1999 provided:
Work on holidays
Firemen in municipalities, parishes and fire protection districts who are required to work on any or all of certain legal holidays, namely Christmas, New Year’s Day, July 4, Labor Day, Thanksgiving Day, and National Memorial Day, shall receive in addition to the compensation to which such employee would be entitled under laws and pay plans now in effect, compensation at the rate of one times his usual salary, to be determined by reducing his average monthly salary to an hourly scale; provided that in lieu of additional compensation, governing authorities, at their option, may grant fire department employees time off from work for which such additional compensation would be due and payable to said employees.
(Emphasis added.)
In 1993, the legislature amended the statute to read:
Work on holidays
A. Firefighters in municipalities, parishes, and fire protection districts who are required to work on holidays as provided *225 for in Subsection B of this Section shall receive in addition to the compensation to which such employee would be entitled under laws and pay plans now in effect, compensation at the rate of one times his usual salary, to be determined by reducing his average monthly salary to an hourly scale; provided that in lieu of additional compensation, governing authorities, at their option, may grant fire department employees time off from work for which such additional compensation would be due and payable to said employees.
B. Firefighters in municipalities, parishes, and fire protection districts shall be entitled to not less than ten holidays per year. Such holidays shall be named by the governing authority of the municipality, parish, or fire protection district pursuant to their established holiday policy.
U(Emphasis added.)
In written reasons, the trial court thoroughly discussed the plaintiffs’ claims as applied to both versions of this statute. We hereby adopt in part those concise, but complete, reasons as our own:
Plaintiffs argue that Subsection B requires that firefighters be given ten (10) holidays per year and that these firefighters be compensated in accordance with the statute whether or not they actually work on the holiday. Plaintiffs further argue that denial of additional compensation to fireline shift workers who are not scheduled to work on the holidays effectively deprives them of the holiday. This argument is appealing and is somewhat supported by reading Subsection B out of context. However, Subsection B must be read in conjunction with Subsection A. When the statute is viewed as a whole, it appears clear that the intent of the statute, both in its original form and as amended in 1993, does no more than require the City to pay the extra compensation only to the firefighters who are actually required to work on holidays. The Court does not read the statute as placing any requirements on the City with regard to firefighters who are not required to work on holidays. The Court is bolstered in its view by Louisiana Attorney General Opinion Number 81-1236 (March 16, 1982) which, in interpreting the above cited statute pri- or to the 1993 amendment and a related statute applicable to police officers, stated, “the extra pay is payable only to firemen and/or police employees who actually work on those specific holidays.”
Plaintiffs [sic] next argument is that the policy of paying a “holiday allowance” to fireline employees who were off on the holiday because of their normal shift schedule, which policy, as previously noted, was discontinued in November, 1986, was never validly changed by the City of Lafayette. In support of its argument plaintiffs introduced several documents purportedly showing the correct manner of changing a policy. This argument is without merit. The Court agrees with the position of the City of Lafayette that, as to discretionary benefits, the City’s policy can be altered in whatever manner the City sees fit. The City regarded Glenn Weber’s memo (exhibit J — 7) as a change in policy and discontinued the payment of the discretionary “holiday allowance” to shift fireline workers who did not actually work on the holiday. There are no laws on how a policy change is to be effected with regard to discretionary benefits and the City can grant them or remove them at whatever time and in whatever manner it sees fit. Such a matter is left to the City’s discretion.
The plaintiffs [sic] final argument is that the treatment of fireline shift employees is discriminatory in that non-shift fire department employees receive the benefit of a holiday whereas only fireline shift employees who actually work on the holiday receive an extra benefit. This argument [sic] is without merit. All fireline shift employees are ^treated equally. Indeed, according to the evidence, all shift workers within the City of Lafayette are treated in the same manner. The treatment of the shift workers conforms to statutory requirements and is not discriminatory.
The trial court correctly held that the additional compensation mandated by the statute is only owed to those firemen who actually work on certain holidays. This is the inter *226 pretation that prevailed before the statute s amendment in 1993. See Attorney General Opinion Number 81-1236 (March 16, 1982), which states, “Except as otherwise provided for police employees [La.R.S. 33:2214.1] the City of West Monroe is obligated to pay the additional compensation only for those employees who work on a holiday.” The 1993 amendment does not compel a different result. That amendment increased the number of holidays from six to ten, and it replaced the specified holidays with the option for local authorities to designate which holidays are to be observed in their districts. The amended version, however, retained the title “Work on holidays” and, significantly, still applied to firefighters “who are required to work” on certain holidays.
We note that in 1989, when this suit was filed, the statute required compensation for only six holidays, but the City elected to observe ten holidays.[1] Thus, even with the “holiday pay” policy changes, the City still provided more benefits than required at that time. Regarding the reduction of non-mandatory benefits, the attorney general has said: “However, the compensation given to those who work holidays in the future can be decreased from the present plan as long as it is not less than that required by the statute.” Opinion Number 93-759 (February 3, 1994).
|6PIaintiffs also claim that the City did not validly amend its policy manual when it implemented the reduction in holiday pay in 1986 and 1989. Yet, plaintiffs have neither cited authority that requires the City to follow a certain format in amending the manual, nor have they identified the City’s accepted procedures for such amendments. Fire Chief Robert Benoit testified about how he would request a change in the manual, but he admitted that he did not know of the City’s procedures in 1986 and 1989, before he assumed his present position. The trial court did not err in rejecting this claim.
The trial court also properly rejected the plaintiffs claims of unlawful discrimination. Here, as also observed in Eastwold v. City of New Orleans, 355 So.2d 1012, 1013 (La.App. 4 Cir.1978), “[t]he only inequity is between unequals.” La.R.S. 33:1999 recognizes that while certain days deserve public commemoration, certain public services must be maintained without interruption. The legislature has chosen to reward those firefighters (and policemen) who must work on holidays, as opposed to those shift firefighters who do not.[2] The City’s policies are in line with this legislative mandate.
Decree
For the above reasons, the judgment of the trial court is affirmed at appellants’ expense.
AFFIRMED.

. At all times pertinent to this litigation, the City recognized the following holidays: New Year's Day, Martin Luther King, Jr. Day, Mardi Gras Day, Good Friday, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, Acadian Day, and Christmas Day.

. We note a possible distinction between this case and Kenner Firefighters Ass'n Local No. 1427 v. City of Kenner, 96-361 (La.App. 5 Cir. 11/14/96), 685 So.2d 265. The plaintiffs here have not alleged, as in Kenner, "work shift and pay practices which annually shortchange one shift ‘platoon’ of firefighters on holidays.” Id. at p. 4, 685 So.2d at 267 (emphasis added). The court in Kenner has yet to reach the merits of this claim.