| .EDWARDS, Judge.
Plaintiffs/appellants Kenner Fire Fighters Association Local No. 1427 I.A.F.F., et. al. appeal the judgment of the trial court dismissing their case with prejudice. For the following reasons, we affirm in part and reverse in part the judgment of the trial court interpreting LSA-R.S. 33:1996 and LSA-R.S. 33:1999.
The Kenner Fire Department operates 24 hours per day, 365 days per year. The firefighters employed by the City of Ken-ner work in three separate platoons, each platoon working a full 24-hour shift before being relieved. A shift begins at 7:00 a.m. and lasts until 7:00 a.m. the next morning. Each platoon then has 48 hours off before having to report back to work. There is one exception to the scheduling format which gives the firefighters additional time off from work. After working six (6) scheduled shifts of 24 hours, each firefighter is given an additional day off, essentially giving the firefighter five (5) ^consecutive days off until his next shift begins. This additional day off is called a “Kelly Day.”
Firefighters employed by the City of Kenner are presently afforded six (6) full days of vacation time per year if they have more than one year and less than ten years of experience. Furthermore, firefighters are entitled to not less than ten (10) holidays per year. Firefighters who are required to work on holidays are compensated at the rate of one times then-usual salary. Firefighters who are not required to work on holidays are not given any additional compensation or any additional days off of work.
On May 26, 1994 the plaintiffs filed a class action petition against the City of Kenner disputing the amount of annual vacation time and paid holidays that the *991 City afforded to them. The plaintiffs allege that the City has violated LSA-R.S. 33:1996 by not awarding them the full eighteen (18) days of annual vacation required by the statute. Furthermore, the plaintiffs allege that the City has violated LSA-R.S. 33:1999 by not awarding them at least ten (10) paid holidays per year, regardless of whether or not they are actually scheduled to work on those days.
The suit was originally dismissed by judgment dated December 15, 1995 in response to an exception of prematurity filed by the City. The judgment was reversed by this Court on November 14, 1996 and the case was remanded to the trial court for rehearing. A trial on the merits was held before the Honorable Clarence E. McManus of the Twenty-Fourth Judicial District Court on June 26, 1998 and the matter was taken under advisement. On October 27,1998 the trial court rendered a judgment in favor of the City of Kenner, dismissing the plaintiffs’ action with prejudice. The plaintiffs filed a motion for appeal which |4was granted by the trial court on November 23,1998. The matter is now before this Court for review.
LAW AND ANALYSIS
The plaintiffs allege three assignments of error on appeal. In their first assignment of error, the plaintiffs allege that the trial court erred in failing to hold that a “vacation day” within the meaning and intent of LSA-R.S. 33:1996 is a “calendar day” upon which the firefighter would normally be scheduled to work. In their second assignment of error, the plaintiffs allege that the trial court erred in failing to hold that a firefighter must be afforded at least ten (10) paid holidays per year in accordance with LSA-R.S. 33:1999, regardless of whether or not the firefighter is required to work on the holiday. In their third and final assignment of error, the plaintiffs allege that the trial court erred in excluding evidence which supported the plaintiffs’ claim that the City of Kenner’s policies unlawfully discriminate against firefighters within the class of regular city employees. Assignments of error two and three are without merit and the judgment of the trial court on these, issues must be affirmed. The trial court erred in calculating annual vacation as alleged in the first assignment of error and the judgment of the trial court must be reversed in part on this issue.
In their first assignment of error, the plaintiffs allege that the trial court erred in failing to hold that a “vacation day” within the meaning and intent of LSA-R.S. 33:1996 is a “calendar day” upon which the firefighter would normally be scheduled to work. LSA-R.S. 33:1996 states in part:
“Firemen in municipalities, parishes, and fire protection districts to which this Subpart applies, after having served one year, shall be entitled to an annual vacation of eighteen days with full pay. This vacation period shall be increased one day for each year of | .¡service over .ten years, up to a maximum vacation period of thirty days, all of which shall be with full pay.”
The dispute between the parties in this case arises from the definition of the term “day.” According to the City of Kenner, the term “day” as defined in the statute is an average 8 hour work day. Under this definition, a firefighter would have to use three (3) vacation days to take off a full 24-hour shift. Therefore, the firefighter would only be given six (6) full vacation days per year. According to the plaintiffs, the term “day” as defined in the statute is a full calendar day. Firefighters in the Kenner Fire Department work shifts from 7:00 a.m. to 7:00 p.m., which spans two calendar days. Therefore, it is the plaintiffs’ contention that a firefighter must only use two (2) vacation days to take off a full 24-hour shift. They would then be afforded nine (9) full vacation days per year.
In the case of New Orleans Firefighters Ass’n Local 632 v. City of New Orleans, *992 263 La. 649, 269 So.2d 194 (1972), the Supreme Court held that vacation days as provided for in LSA-R.S. 33:1996 meant calendar days, and not another kind of day (like ‘work’ day) which might result in a variation in the application of the statute. There was no indication in the record that the legislature intended anything other than calendar days in LSA-R.S. 33:1996, when it established a minimum of eighteen days vacation for a fireman with one year’s service, with an increase of one day for each year of service over ten (10) years, to a maximum of thirty days. Id. at 204. A calendar day, as defined by Webster’s Dictionary, is “the time from midnight to midnight.”
The Supreme Court’s holding in New Orleans Firefighters must be interpreted in conjunction with the definition of a calendar day. Therefore, the term “day” as used in LSA-R.S. 33:1996 must be interpreted as a calendar day Rfrom midnight to midnight. In the Kenner Fire Department, the firefighters work shifts from 7:00 a.m. to 7:00 a.m. the next day. Their shifts cover parts of two calendar days. It is the opinion of this Court that the plaintiffs are only required to use two (2) vacation days to take off a full shift of work.
As part of the trial court’s judgment, it held that the term “day” as used in LSA-R.S. 33:1996 is a “calendar day” or any day of the calendar, irrespective of whether it’s a fireman’s scheduled work day or scheduled off day. The trial court erred in this ruling. The plaintiffs cannot be required to use their annual vacation days on days that they were not scheduled to work. The judgment of the trial court on this issue is manifestly erroneous and must be reversed.
In their second assignment of error, the plaintiffs allege that the trial court erred in failing to hold that a firefighter must be afforded at least ten (10) paid holidays per year in accordance with LSA-R.S. 33:1999, regardless of whether or not the firefighter is required to work on the holiday. LSA-R.S. 33:1999 states:
A. Firefighters in municipalities, parishes, and fire protection districts who are required to work on holidays as provided for in Subsection B of this Section shall receive in addition to the compensation to which such employee would be entitled under laws and pay plans now in effect, compensation at the rate of one times his usual salary, to be determined by reducing his average monthly salary to an hourly scale; provided that in lieu of additional compensation, governing authorities, at their option, may grant fire department employees time off from work for which such additional compensation would be due and payable to said employees.
B. Firefighters in municipalities, parishes, and fire protection districts shall be entitled to not less than ten (10) holidays per year. Such holidays shall be named by the governing authority of the municipality, parish, or fire protection district pursuant to their established holiday policy.
|7The plaintiffs dispute the City of Ken-ner’s policy in regard to the award of holiday pay. It is the plaintiffs’ contention that if a firefighter is scheduled to work on a holiday, he should be paid according to Subsection A of the statute. The City of Kenner does not dispute this interpretation. The dispute arises over compensation for the firefighters who are not scheduled to work on a holiday. The practice in the City of Kenner is to compensate only those firefighters who are actually required to work on a holiday. The plaintiffs contend that if a firefighter is not scheduled to work on a holiday, he should be awarded additional compensation, or in the alternative, given an additional day off from work on a day he is actually scheduled to work. Their position is that if a firefighter is not scheduled to work on a holiday, he is in no way given credit for that holiday. The plaintiffs allege that this action by the City does not comply with LSA-R.S. 33:1999 and discriminates *993 against those firefighters not scheduled to work on holidays.
The Third Circuit has previously interpreted LSA-R.S. 33:1999 in the case of Perrodin v. City of Lafayette, 96-1685 (La.App. 3rd Cir. 6/4/97), 696 So.2d 223. In Perrodin, the court held that when the statute is viewed as a whole, it appears clear that the intent of the statute does no more than require the City to pay the extra compensation only to the firefighters who are actually required to work on holidays. Id. at 225. The Court does not read the statute as placing any requirements on the City with regard to firefighters who are not required to work on holidays. Id.
Following the interpretation of LSA-R.S. 33:1999 established in Perrodin, it is the opinion of this Court that the City of Kenner is not required to give any additional compensation to firefighters not required to work on holidays. | ^Furthermore, the following work day may not be considered a holiday for firefighters when the holiday falls on the employee’s day off. Op. Atty. Gen., No. 81-1236, March 16, 1982. The ruling of the trial court on this issue is not manifestly erroneous or clearly wrong and must be affirmed.
In their third and final assignment of error, the plaintiffs allege that the trial court erred in excluding evidence which supported the plaintiffs’ claim that the City of Kenner’s policies unlawfully discriminate against firefighters within the class of regular city employees. The evidence was proffered by the plaintiffs and admitted into the record.
The trial court determined that the evidence was not relevant to show either the reasonableness of the plaintiffs’ demands or the alleged disparity between various groups of employees. Nothing in the record indicates that the trial judge abused his discretion in this matter. Absent a manifest abuse of discretion, the ruling of the trial court must be affirmed.
In summary, it is the opinion of this Court that the trial court erred in dismissing the plaintiffs’ action with prejudice. The City of Kenner’s policy of granting only six (6) full days of annual vacation to firefighters is not in accordance with LSA-R.S. 33:1966. The plaintiffs must only be required to use two (2) of their allotted vacation days to take off a full shift, giving them a total of nine (9) full days of annual vacation. The trial court erred in part in holding that the term “day” is any day of the calendar, irrespective of whether it’s a fireman’s scheduled work day or scheduled off day. The plaintiffs cannot be required to use their annual vacation days on days that they were not scheduled to work. The trial court did not err in holding that only those firemen who actually work on a holiday are entitled to receive holiday pay as set forth in LSA-R.S. |fl33:1999. Finally, the trial court did not err in excluding evidence which supported the plaintiffs’ claim that the City of Kenner’s policies unlawfully discriminate against firefighters within the class of regular city employees. For the above stated reasons, the judgment of the trial court is affirmed in part and reversed in part.
AFFIRMED IN PART; REVERSED IN PART.