Dear Mr. Cespiva:
You advise this office that the Alexandria Municipal Fire Police Civil Service Board (the Board) plans to adopt the following annual leave policy for full-time police department employees as follows:
 1. Two hundred sixteen (216) hours after completion of one (1) year of service.
 2. Two hundred forty (240) hours after completion of ten (10) years of service
 3. Two hundred eighty-eight (288) hours after completion of fifteen (15) years of service.
Your inquiry concerns the legality of the rules regarding vacation leave proposed by the Board vis-à-vis the City of Alexandria.
Pertinent to our discussion is the following cited law. Because the City of Alexandria exceeds thirteen thousand in population, a system of classified fire and police civil service was established in accordance with LSA-Const. Art. 10 § 16 (1974), providing:
 § 16. Establishment of System
 Section 16. A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department.
Pursuant to R.S. 33:2477(7), the Board is mandated to "[m]ake, alter, amend, and promulgate rules necessary to carry out effectively the provisions" of Part II of Title 33, entitled "Fire and Police Civil Service Law for Municipalities Between 13,000 and 250,000. Also applicable is R.S. 33:2478, which governs the Board with respect to the promulgation of rules affecting vacation leave and which pertinently provides:
 Each board may adopt and execute rules, regulations, and orders necessary or desirable effectively to carry out the provisions of this Part, and shall do so when expressly required by this Part. No rule, regulation, or order shall be contrary to, or in violation of, any provision, purpose, or intent of this Part or contrary to any other provision of law . . .
Further, R.S. 33:2497 places a mandatory obligation upon the Board to provide rules for annual vacation and sick leave. The statute provides:
 The board shall adopt rules to provide for leaves of absence in the various classes of the classified service. Such rules shall provide for annual vacation and sick leaves with pay, and special leaves with or without pay. They may provide for special extended leaves with or without pay and for special extended leaves with or without pay or with reduced pay for employees disabled through injury or illness arising out of their employment. The right to regulate the time at which any employee may take an annual leave, or any other leave which is not beyond the control of the employee, shall be vested at all times with the appointing authority.
Note additionally that R.S. 33:2214A(1) (applicable here because R.S. 33:2211 makes the statute applicable to municipalities having a population of not less than twelve thousand nor more than two hundred fifty thousand) addresses the annual vacation leave of employees of police departments, and provides:
 Each employee of the police departments of the municipalities embraced by this Subpart, except the city of Westwego, shall, after having served one year with a respective department, be entitled and given with full pay an annual vacation leave of fifteen days during each calendar year, which shall not be denied to any such employee for any reason whatsoever.
Under the provisions of R.S. 33:2214A(1) quoted above, after one year's service, each employee of a police department is entitled to vacation leave equal to fifteen (15) days annually.
The word "day" in R.S. 33:2214 means "calendar days" of twenty-four hours each. Jurisprudence has held the word "days" in statutes governing vacations for police officers and firefighters to mean "calendar days", not "working days". In New OrleansFirefighters Association Local, 632 v. City of New Orleans,260 So.2d 779 (La.App. 4th Cir. 1972); affirmed, 269 So.2d 194 (La. 1972), the court reviewed R.S. 33:1996 and held that, for purposes of annual vacation periods for municipal firemen, "day" means a calendar day and not a work shift. A similar conclusion was reached by the appellate court in Authement vs. Davidson,366 So.2d 986 (La. App 1st Cir. 1978), where the court held that the word "days" in R.S. 33:2583, dealing with vacation days for Houma police, is to be construed as meaning "calendar days". Finally, see also the case of Kenner Fire Fighters Association vs. City ofKenner, 742 So.2d 989 (La.App. 5th Cir. 1999), writ denied,750 So.2d 993 (La. 1999), in which the court held that "vacation day" within the meaning and intent of the statute providing for vacation days for firefighters, is a calendar day from midnight to midnight.
Our interpretation of the word "days" concerning work shifts of different lengths remains a twenty-four hour calendar day, regardless of the shift length. Here, according to R.S. 33:2214, a police department employee would be entitled to fifteen (15) calendar days of leave for days on which the employee would otherwise be required to work, regardless of how the actual hours worked are distributed in a given day. An average 40-hour workweek, would, whatever the length of the shift worked, break down into fifteen eight-hour calendar days. The police officer is then mandated to receive a total vacation period of 120 hours annually (i.e., 8 hours x 15 days = 120 hours), in order to be in compliance with the minimum requirements of R.S. 33:2214(A). See also Attorney General Opinion 92-60, copy attached.
In contrast, the Board's proposal would award vacation leave of 216 hours, or 27 calendar days after completion of one year of service; 240 hours, or 30 calendar days, after completion of ten years of service; and 288 hours, or 36 calendar days, after completion of fifteen years of service.
Any rule or regulation promulgated by the Alexandria Fire and Police Civil Service Board cannot be contrary to the provisions of R.S. 33:2214(A). Thus, the annual vacation for policemen in the instant matter must at a minimum be fifteen calendar days. Here, the Board chose to award a benefit in excess of that required by the statute. Any objection to the proposed rule could have been challenged by the City of Alexandria prior to the adoption of the rule. Absent such a challenge, the City could refuse to fund that amount of vacation leave beyond the statutory minimum if the City considers the financial burden imposed to be excessive. This office has acknowledged the ability of the municipality to increase vacation leave, to wit: "municipalities are left free to extend more days than the minimum of fifteen to their officers if they choose to do so." See Attorney General Opinion 99-192, at *Page 2. 
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams