Dear Representative Townsend:
You ask this office to advise you of the legality of rules regarding vacation leave for firefighters currently implemented by the City of Natchitoches.
Pertinent to this discussion is R.S. 33:1996, which addresses the annual vacation leave of firemen, and provides in pertinent part:
§ 1996. Annual vacation
 Firemen in municipalities, parishes and fire protection districts to which this Subpart applies, after having served one year, shall be entitled to an annual vacation of eighteen days with full pay. . . .
A conflict exists between the City of Natchitoches and the Natchitoches firefighters regarding the correct definition of the word "days" as used in R.S. 33:1996. You state Natchitoches firefighters work twenty-four (24) hour shifts from 7:00 a.m. to 7:00 a.m. The City of Natchitoches considers a "day" to mean an average eight (8) hour work day, and requires a firefighter to use three (3) vacation days to take off a full twenty-four (24) hour shift. It is your assertion that compliance with R.S. 33:1996
would require a firefighter to use only two (2) vacation days to take off a twenty-four (24) hour shift. Your interpretation is the correct one, in light of jurisprudence addressing the issue.
In the case of Kenner Fire Fighters Association vs. City ofKenner, 742 So.2d 989 (La.App. 5th Cir. 1999), writ denied,750 So.2d 993 (La. 1999), the court held that "vacation day" for purposes of R.S. 33:1996 is a calendar day from midnight to midnight. The following language from the case is applicable herein:
 The dispute between the parties in this case arises from the definition of the term "day." According to the City of Kenner, the term "day" as defined in the statute is an average 8 hour work day. Under this definition, a firefighter would have to use three (3) vacation days to take off a full 24-hour shift. Therefore, the firefighter would only be given six (6) full vacation days per year. According to the plaintiffs, the term "day" as defined in the statute is a full calendar day. Firefighters in the Kenner Fire Department work shifts from 7:00 a.m. to 7:00 p.m., which spans two calendar days. Therefore, it is the plaintiffs' contention that a firefighter must only use two (2) vacation days to take off a full 24-hour shift. They would then be afforded nine (9) full vacation days per year.
 In the case of New Orleans Firefighters Ass'n Local 632 v. City of New Orleans, 263 La. 649, 269 So.2d 194 (1972), the Supreme Court held that vacation days as provided for in LSA-R.S. 33:1996 meant calendar days, and not another kind of day (like `work' day) which might result in a variation in the application of the statute. There was no indication in the record that the legislature intended anything other than calendar days in LSA-R.S. 33:1996, when it established a minimum of eighteen days vacation for a fireman with one year's service, with an increase of one day for each year of service over ten (10) years, to a maximum of thirty days. Id. at 204. A calendar day, as defined by Webster's Dictionary, is "the time from midnight to midnight."
 The Supreme Court's holding in New Orleans Firefighters must be interpreted in conjunction with the definition of a calendar day. Therefore, the term "day" as used in LSA-R.S. 33:1996 must be interpreted as a calendar day from midnight to midnight. In the Kenner Fire Department, the firefighters work shifts from 7:00 a.m. to 7:00 a.m. the next day. Their shifts cover parts of two calendar days. It is the opinion of this Court that the plaintiffs are only required to use two (2) vacation days to take off a full shift of work. See Kenner Fire Fighters Association vs. City of Kenner, 269 So.2d at pages 989 and 990. (Emphasis added).
Applying the reasoning of the Court in Kenner, supra, a Natchitoches firefighter should be charged only two (2) days of vacation when taking off a twenty-four (24) hour shift. Thus, a Natchitoches firefighter is entitled to nine (9) full vacation days per year. Any rule adopted by the City of Natchitoches must be in compliance with the statute.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams