Dear Mr. Speed:
As legal counsel for the Tangipahoa Parish Fire Protection District Number One, you have asked this office to interpret the provisions of La.R.S. 33:1996 which defines vacation leave for firemen. Pursuant to La.R.S. 33:1996, "firemen in municipalities, parishes and fire protection districts . . . after having served one year, shall be entitled to an annual vacation of eighteen days with full pay".
Typically, firemen throughout the state work a full 24-hour shift and then have 48 hours off the job. Further, it is common practice for firemen to take vacation time in terms of shifts. These practices are applicable to the Tangipahoa Parish Fire Protection District Number One (hereafter, the District). The firemen of the District work 24-hours and then are off for the next 48 hours.
The District has interpreted La.R.S. 33:1996 to require that eighteen 8-hour days of vacation are due each fireman, equivalent to 144 hours, or six 24-hour shifts, after the first year of employment. In correspondence to the District's legal counsel, the Secretary-Treasurer of the District states "we have always divided the total number of vacation days by three to arrive at time off. If a firefighter has eighteen days vacation that would translate to six shifts off". However, District firemen have questioned the correctness of this interpretation of La.R.S. 33:1996.
This office is asked to provide our legal interpretation of La.R.S.33:1996, and in so doing, advise the District of the number of 24-hour shifts a fireman is entitled to take as annual vacation leave after his first year of employment. To answer this question, we must first address the correctness of the District's current interpretation of a "vacation day" under La.R.S. 33:1996. *Page 2 
The District has adopted an interpretation of La.R.S. 33:1996 to mean that each of the eighteen days of statutory vacation is equivalent to the generally understood 8-hour work day. Applying this construction, when a fireman takes vacation leave of one 24-hour shift (comprised of three 8-hour segments), he uses three "work days" from the eighteen-day statutory allotment. In this analysis, a fireman depletes his entire eighteen-day allotment upon taking vacation leave for six 24-hour shifts. In terms of hours, a fireman taking vacation leave for six 24-hour shifts would be entitled to 144 hours (i.e., 6 shifts x 24 hours) as vacation leave in a year.
While the foregoing analysis is logical, it is nonetheless in conflict with the jurisprudence of this state. The District's interpretation of "vacation day" as equivalent to an 8-hour "work day" has been rejected in decisions rendered by the Louisiana Supreme Court and the Fifth and Second Circuit state appellate courts. See New Orleans Firefighters Ass'nLocal 632 v. City of New Orleans, 269 So.2d 194 (La. 1972); KennerFirefighters Assoc. v. City of Kenner, 96-186 (La.App. 5th Cir. 8/31/99), 742 So.2d 989, writ denied, 99-2697 (La. 11/24/99),750 So.2d 993; and Smith vs. City of Ruston, 42,281 (La.App. 2 Cir. 6/20/07) 960 So.2d 1246, discussed infra.
 I. New Orleans Firefighters
The argument that a "vacation day" is equivalent to a "calendar day", rather than a "work day", was established by ruling of the Louisiana Supreme Court in New Orleans Firefighters, supra. Therein, the Court held that vacation days as provided for in La.R.S. 33:1996 means calendardays, as opposed to other types of work days. "There is no indication in the record before us, and none from the statute itself, that the legislature intended anything other than calendar days in R.S. 33:1996, when it established a minimum of eighteen days vacation for a fireman with one year's service, with an increase of one day for each year of service over ten years, to a maximum of thirty days." 269 So.2d at 204.
 II. Kenner Firefighters
The ruling of the Louisiana Supreme Court in New Orleans Firefighters,supra, was relied upon in Kenner Firefighters, supra. In Kenner, the City of Kenner advanced the argument that the term "day" in La.R.S. 33:1996
meant an average 8-hour work day. Under this definition, a fireman would have to use three (3) vacation days to take off a full 24-hour shift. Therefore, a fireman would only be entitled to six (6) full vacation days per year.
The Kenner court found this rationale in conflict with the holding of the Court in New Orleans Firefighters, stating: *Page 3 
The Supreme Court's holding in New Orleans Firefighters must be interpreted in conjunction with the definition of a calendar day. Therefore, the term "day" as used in La.R.S. 33:1996 must be interpreted as a calendar day from midnight to midnight. In the Kenner Fire Department, the firefighters work shifts from 7:00 a.m. to 7:00 a.m. the next day. Their shifts cover parts of two calendar days. It is the opinion of this Court that the plaintiffs are only required to use two (2) vacation days to take off a full shift of work. See Kenner FirefightersAssoc., supra, at 992.
The ruling in Kenner interpreted the statute's meaning for "eighteen days" based upon the specific number of calendar days during which a Kenner fireman worked each 24-hour shift. Since a Kenner fireman began his 24-hour shift at 7:00 a.m., his shift actually spanned two calendar days, from the morning of the day he arrived until the morning of the next day. The court reasoned that under this shift schedule, when a Kenner fireman took vacation leave of one 24-hour shift, it should be considered as use of two "days" from the eighteen-day statutory allotment. Therefore, the ruling in Kenner granted the Kenner firemen the allowance of nine shifts each year, or 216 hours, (i.e. 9 shifts x 24 hours) to be taken as their statutory 18-day vacation under La.R.S.33:1996.
 III. Smith vs. City of Ruston
In Smith vs. City of Ruston, 42,281 (La.App. 2 Cir. 6/20/07)960 So.2d 1246, firemen employed by the City of Ruston worked a full 24-hour shift and then had 48 hours off the job. The court was again presented with the question of the meaning of the "eighteen days with full pay" vacation allowance in La.R.S. 33:1996 within the 24-hour shift system used by the City of Ruston. The City of Ruston rejected the ruling of theKenner court, and instead argued that each of the eighteen days of statutory vacation should be understood as equivalent to an 8-hour work day, permitting the City of Ruston firemen no more than six 24-hour shifts (144 hours) as paid vacation leave.
While rejecting the argument advanced by the City of Ruston as incorrect, the court in Smith vs. City of Ruston challenged the reasoning of the Kenner court, stating "the problem with the rationale employed inKenner is that the `eighteen days' of statutory vacation under Section 1996 can vary statewide depending upon the length of a department's work shift and the particular time each day when a work shift begins. Forexample, if the Kenner department made its shift change at midnight eachday, then under the court's rationale, its firemen would be entitled toeighteen 24-hour shifts (or 432 hours) of paid annual vacation *Page 4 
Both courts in Kenner Firefighters and Smith vs. City of Ruston rejected the argument that six 24-hour shifts (or 144 hours) are the equivalent of the eighteen vacation days under La.R.S. 33:1996. Further, both courts concluded that the correct interpretation of La.R.S. 33:1996
entitled a fireman to annual paid vacation equivalent to nine 24-hour shifts.
We find the analysis of the courts in Kenner Firefighters and Smithvs. City of Ruston applicable to the facts in the instant matter. Thus, it is the opinion of this office that the firemen of Tangipahoa Parish Fire Protection District Number One are entitled to eighteen 12-hour work shifts or nine 24-hour work shifts for a total of 216 hours as vacation time under La.R.S. 33:1996.
Finally, we note the decision of the First Circuit Appellate Court inAuthement vs. Davidson, 366 So.2d 986 (La.App. 1st Cir. 1978). In reliance upon the reasoning of the Louisiana Supreme Court in New OrleansFirefighters Ass'n Local 632 v. City of New Orleans, supra, the court held that, absent any expressed intent on the part of the legislature to mean "working days" rather than "calendar days" in La.R.S. 33:2583, dealing with vacation days for Houma police, "days" is to be construed as meaning "calendar days". Tangipahoa Parish is within the jurisdiction of the Louisiana First Circuit Appellate Court, and while the Authement case pertains to policemen and not firemen, it nonetheless proves insightful when attempting to decipher the court's potential interpretation of La.R.S. 33:1996.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg