685 So.2d 265 (1996)
KENNER FIREFIGHTERS ASSOCIATION LOCAL NO. 1427 and Brian Hughes,
v.
The CITY OF KENNER.
No. 96-CA-361.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1996.
*266 Gilbert R. Buras, Jr., New Orleans, for Plaintiffs/Appellants.
Michael J. Power, Ansardi, Maxwell & Power, Kenner, for Defendant/Appellee.
Before GAUDIN, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
Kenner Fire Fighters Association Local 1427 I.A.F.F. and certain employees of the Fire Department of Kenner, Louisiana brought this class action suit against the City of Kenner (City) alleging that the City fails to properly compensate them for vacation and holiday periods as provided for in LSA-R.S.33:1996 and 1999. The City filed various exceptions to the petition, including an exception of prematurity, in which it is asserted that the firefighters were required to present their grievances to the Kenner Fire Civil Service Board (Board) for resolution before filing this suit. After a hearing on the matter, the trial court agreed with the City, and held that the plaintiffs had not exhausted their administrative remedies. For that reason, the court granted the motion of prematurity, and dismissed the petition without prejudice. The firefighters appeal that judgment.
The limited issue for our consideration in this opinion is whether it is necessary, as a matter of law, for the firefighters to bring this matter before the Board as a condition precedent to filing this suit against the City in the 24th Judicial District Court.
The merits of the claims made by the firefighters require an interpretation of LSA-R.S. 33:1996 and 1999. Those two statutes are found in Title 33, entitled "Municipalities and Parishes", and are applicable to plaintiffs. See LSA-R.S. 33:1991 A(1). The statutes cited read as follows:
Sec. 1996. Annual vacation
Firemen in municipalities, parishes and fire protection districts to which this Subpart applies, after having served one year, shall be entitled to an annual vacation of eighteen days with full pay. This vacation period shall be increased one day for each year of service over ten years, up to a maximum vacation period of thirty days, all of which shall be with full pay. The vacation privileges herein provided for shall not be forfeited by any member of the department for any cause. Firemen employed on January 6, 1969 shall have their present longevity considered as a factor in the computation of their vacation benefits as provided herein.
The provisions of this section shall in no way be construed to affect in any manner any presently existing system of computing vacation periods under which greater vacation benefits are granted than those provided for herein and the same shall continue in full force and effect.
Sec. 1999. Work on holidays
A. Firefighters in municipalities, parishes, and fire protection districts who are required to work on holidays as provided for in Subsection B of this Section shall receive in addition to the compensation to which such employee would be entitled under laws and pay plans now in effect, compensation at the rate of one times his usual salary, to be determined by reducing his average monthly salary to an hourly scale; provided that in lieu of additional compensation, governing authorities, at their option, may grant fire department *267 employees time off from work for which such additional compensation would be due and payable to said employees.
B. Firefighters in municipalities, parishes, and fire protection districts shall be entitled to not less than ten holidays per year. Such holidays shall be named by the governing authority of the municipality, parish, or fire protection district pursuant to their established holiday policy.
In the petition, plaintiffs allege the City misapplies the statutes by maintaining work shift and pay practices which annually shortchange one shift "platoon" of firefighters on holidays, and by compensating for vacation on the basis of an 8 hour day rather than a normal 24 hour day.
The Board was created pursuant to LSA-R.S. 33:2531 et seq. LSA-R.S. 33:2537(4) reads as follows:
33:2537. Duties of the board
The board shall:
4. Make, at the direction of the mayor, commissioner of public safety, chief of the fire department of the municipality, or president of the parish governing authority, or chairman of the board of commissioners of the fire protection district, or upon the written petition of any citizen for just cause or upon its own motion, any investigation concerning the administration of personnel or the compliance with the provisions of this Part in the fire and police service; review and modify or set aside, upon its own motion, any of its actions, and take any other action which it determines to be desirable or necessary in the public interest or to carry out effectively the provisions and purposes of this Part.
Two other statutes which are relevant to our inquiry read as follows:
33:2538. Rules
Each board may adopt and execute rules, regulations and orders necessary or desirable effectively to carry out the provisions of this Part, and shall do so when expressly required by this Part. No rule, regulation or order shall be contrary to or in violation of any provisions, purpose or intent of this Section or contrary to any other provisions of law. The board may amend or repeal any rule or part thereof in the same manner provided herein for the adoption of the rule.
A board may adopt any rule, either in its proposed or revised form, after holding a public hearing at which any officer or employee of the government of which the fire or police service is a part, and any private citizen and the state examiner shall be given an opportunity to show cause why the proposed rule or amendment, or any part thereof, should not be adopted. Before the board holds this public hearing, it shall furnish at least thirty days notice in advance of the date, time and place therefor to the mayor, commissioner of public safety, and any other municipal commissioner whom the rule may in any way affect, or the parish governing authority or fire protection district governing authority having jurisdiction over the fire or police service, and to the chief and each station of the departmental services to be affected by the adoption of any such rule, and to the state examiner. A copy of all proposed rules to be discussed at any hearing shall be furnished with all notices. Each notice and copy of proposed rule furnished the various stations of the fire and police departments shall be posted upon the bulletin board of each station for a period of at least thirty days in advance of the hearing.
Within thirty days after the board has adopted any rule, whether it is a new rule, an amendment of an existing rule, or an abolition in whole or part thereof, it shall furnish an official copy thereof to all persons and places set forth above.
Rules adopted under the authority of this Part shall have the force and effect of law.
33:2557. Leaves of absence
The board shall adopt rules to provide for leaves of absence in the various classes of the classified service. Such rules shall provide for annual vacation and sick leaves with pay, and for special leaves with or without pay. They may provide for special extended leaves with or without pay or with reduced pay for employees disabled through injury or illness arising out of *268 their employment. The right to regulate the time at which any employee may take an annual leave, or any other leave which is not beyond the control of the employee, shall be vested at all times in the appointing authority.
Prematurity is a defense raised by dilatory exception. Its function is to raise the issue that the judicial cause of action has not yet come into existence because some prerequisite condition has not been fulfilled. Vizzini v. Ward, 94-290, (La.App. 5 Cir. 10/12/94), 645 So.2d 735. Prematurity contemplates that the action taken by the petitioner occurs prior to some procedure or assigned time. It is usually utilized in cases wherein the law or contract has provided a procedure for one aggrieved of a decision to seek relief before resorting to judicial action. Vizzini v. Ward, supra at 736.
Prematurity is determined by the facts existing at the time the suit is filed. Clark v. City of Shreveport, 26,638, (La.App. 2 Cir. 5/10/95), 655 So.2d 617. When an exception of prematurity is brought on the ground that the plaintiff failed to exhaust his administrative remedies, the exceptor has the burden of showing that an administrative remedy exists. Upon that showing, the burden shifts to the plaintiff to show that he has exhausted those remedies. However, those remedies must be adequate. A plaintiff bears the burden of proof that existing administrative remedies are inadequate. Clark v. City of Shreveport, supra at 620.
That general rule is subject to two exceptions; where the plaintiff is threatened with irreparable injury and when the administrative procedures are proven useless. Mayor and Council of Morgan City v. Ascension Parish Police Jury, 468 So.2d 1291 (La.App. 1 Cir.1985); Clark v. City of Shreveport, supra.
As a general rule, a person aggrieved by the action of a state agency must exhaust all administrative remedies provided by that agency before being entitled to judicial review. The rationale of this requirement is that disputes pertaining to matters of agency regulation and expertise should ordinarily be first addressed by the administrative tribunals which the Legislature created to decide such issues. Part of the function of the exhaustion doctrine is to give the agency whose decision is under attack an opportunity to review, supplement and if necessary, correct its decision. Polk v. State, through Dept. of Transportation and Development, 538 So.2d 239, 250 (La. 1989).
Plaintiffs argue that the above cited statutory scheme does not require an exhaustion of administrative remedies by an employee before seeking redress against the City in the District Court because the Board has no authority to sit as a judicial interpreter of state statutes. Plaintiffs point out that none of the published cases which consider the interpretation of either LSA-R.S.33:1996 or 1999 have originated in a Civil Service forum.
In New Orleans Firefighters Assn. v. Civil Service Commission of the City of New Orleans, 422 So.2d 402 (La.1982), the Supreme Court considered the question of whether the Legislature's plenary power to enact a law providing for minimum wages or working conditions for firemen yields to the Civil Service's power to adopt uniform pay scales. The Court considered the grant of power to city civil service boards in reaching that conclusion. The Court stated at 422 So.2d at 410:
Historically, the state and city civil service commissions have no political policyforming functions or powers. On the contrary, their primary function is quasi-judicial, and they must see to it that the rank and file of state and city employees are selected competitively on the basis of merit, free from political influence. They must also see that these employees are protected from dismissal or discriminatory treatment because of religious or political reasons. The state and city commissions are in substance courts of appeal, and their functions are to be impartially administered by commissioners who are absolutely free from any sort of political control or influence. Thus, the civil service commission is authorized to establish rules governing the administration of the system, is empowered in general to supervise the *269 conduct and administration of the system, and is a quasi-judicial body for purposes of appeal. (citations omitted)
We do not believe that the grant of power extended to the Board by the statutory scheme, as explained in New Orleans Firefighters Assn. v. Civil Service Commission of the City of New Orleans, supra, permits the Board to make a decision which requires an interpretation of state statutes. Consequently, we find the trial court erred in ruling that the plaintiffs failed to exhaust their administrative remedies.
For the above reasons we reverse the judgment of the trial court granting defendant's exception of prematurity and remand the matter for further proceedings. Costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.