MOON LANDRIEU, Judge Pro Tempore.
 

 11 In this action for a declaratory judgment filed by the plaintiffs/appellees, attorney James M. Williams (“Mr. Williams”) and his employer, the law firm of Houghtaling & Williams, L.L.C. (“Houghtaling & Williams”), the defendant/appellant, Nicholas Manzella (“Mr. Manzella”), appeals from two separate judgments rendered by the district court. The first, an interlocutory judgment rendered on May 22, 2006, denied Mr. Man-zella’s peremptory exceptions of no right of action and no cause of action as well as a declinatory exception of lack of subject matter jurisdiction. The second, a final judgment rendered on December 1, 2006, granted motions for summary judgment in favor of Mr. Williams, Houghtaling & Williams, and Mr. Williams’ former employer, the law firm of Gainsburgh, Benjamin, David, Meunier and Warshauer (“Gainsburgh, Benjamin”), and denied a motion for summary judgment filed by Mr. Manzella.
 

 FACTS AND PROCEDURAL HISTORY
 

 In May 2002, Mr. Williams, while employed by the Gainsburgh, Benjamin law firm, filed suit on behalf of Mr. Manzella against United Parcel Service, Inc. |2(“UPS”), Mr. Manzella’s former employer, alleging racial discrimination, wrongful termination and intentional infliction of emotional distress.
 
 [1]
 
 UPS denied the claims, asserting that Mr. Manzella was terminated for falsifying or “padding” his delivery logs and payroll fraud. Later, in July 2003, Mr. Williams left Gainsburgh, Benjamin and went to work at Houghtal-ing & Williams. However, he continued to represent Mr. Manzella in the suit.
 
 [2]
 
 On March 19, 2004, the U.S. District Court rendered a summary judgment in favor of UPS, dismissing Mr. Manzella’s suit.
 

 On March 29, 2004, Mr. Williams timely filed a notice of appeal in the federal dis
 
 *1050
 
 trict court. Both the signature block on the notice of appeal pleading as well as the accompanying cover letter, which was printed on the Houghtaling & Williams law firm stationary, identified Mr. Williams as an attorney at the firm and listed the law firm’s address as 3500 North Hullen Street, Metairie, LA 70002.
 

 On April 6, 2004, the Clerk of the U.S. Fifth Circuit Court of Appeals sent Mr. Williams a letter which acknowledged the docketing of Mr. Manzella’s appeal and requested Mr. Williams to sign and return an enclosed counsel appearance form. The clerk, however, mailed the letter and appearance form to Mr. Williams at Gains-burgh, Benjamin, 1100 Poydras Street, Suite 2800, New Orleans, LA 70163, his former law firm’s address.
 

 |oOn April 8, 2004, the Clerk of the U.S. Fifth Circuit Court of Appeals mailed a briefing notice to Mr. Williams at Gains-burgh, Benjamin’s address on Poydras Street. The briefing notice stated that the appellant’s brief was due within forty (40) days of the date of the order, which was May 18, 2004.
 

 Following Mr. Williams’ departure from Gainsburgh, Benjamin, the law firm waited for his mail to accumulate before forwarding it to him at Houghtaling & Williams’ address. As a result, Mr. Williams did not receive the letter and appearance form until April 14, 2004.
 

 On April 15, 2004, Mr. Williams returned the completed appearance form to the U.S. Fifth Circuit Court of Appeals, indicating Houghtaling & Williams as his current law firm and its address as 3500 North Hullen Street, Metairie, LA, 70002. In the cover letter transmitting the completed form, Mr. Williams informed the court that the prior correspondence was inadvertently sent to his former law firm’s address.
 

 Gainsburgh, Benjamin forwarded the April 8, 2004 briefing notice to Mr. Williams on May 26, 2004; he received it the next day. Thus, by the time Mr. Williams learned of the briefing deadline, it already had passed. Coincidently, on that same day, Mr. Williams also received a copy of a judgment dated May 26, 2004, from the U.S. Fifth Circuit Court of Appeals, dismissing Mr. Manzella’s appeal for want of prosecution.
 

 On June 3, 2004, pursuant to Federal Rules of Appellate Procedure with Local Rules and Internal Operating Procedures of the Fifth Circuit, Local Rule |427.1.6
 
 [3]
 
 , Mr. Williams timely filed a motion to reinstate Mr. Manzella’s appeal. UPS opposed the motion to reinstate the appeal and the U.S. Fifth Circuit denied the motion on June 29, 2004.
 

 On June 6, 2005, Mr. Williams and Houghtaling & Williams filed a petition for declaratory judgment in Civil District Court for the Parish of Orleans against Mr. Manzella and Gainsburgh, Benjamin seeking a determination that Mr. Williams did not commit legal malpractice during his legal representation of Mr. Manzella. Two days later, on June 8, 2005, Mr. Man-zella filed a legal malpractice suit against Mr. Williams, Houghtaling & Williams, and Gainsburgh, Benjamin in the 24th Judicial District Court for the Parish of Jefferson. Also, in response to Mr. Williams’ petition for declaratory judgment, Mr.
 
 *1051
 
 Manzella filed peremptory exceptions of no cause of action and no right of action and a declinatory exception of lack of subject matter jurisdiction, which the trial court denied.
 

 Thereafter, Mr. Manzella filed a motion for summary judgment, arguing that Mr. Williams committed legal malpractice in failing to timely file the appellate brief with the U.S. Fifth Circuit Court of Appeals and/or in failing to remedy “[t]he deficiency which caused the dismissal” by not filing the brief within the prescribed period as set forth in the Local Rule 27.1.6. Mr. Williams, Houghtaling & | ¡Williams, and Gainsburgh, Benjamin filed cross motions for summary judgment arguing that Mr. Manzella cannot establish a prima fa-cie case of legal malpractice.
 

 In granting summary judgment in favor of Mr. Williams, Houghtaling & Williams, and Gainsburgh, Benjamin, and against Mr. Manzella, the trial court, in reasons for judgment, stated:
 

 The (sic) is no genuine issue of material fact in dispute as to whether or not Williams, Houghtaling & Williams, and Gainsburgh were negligent in handling of this matter. Williams notified the court and opposing counsel of his new mailing address. All memorandum submitted in Manzella’s litigation contained Houghtaling & Williams’, (sic) name and correct mailing address. Williams’ correct firm affiliation was clearly set forth in the Notice of Appeal. Williams had no indication that the Fifth Circuit would send appeal information to Gains-burgh and not Williams & Houghtaling. Thus, neither Williams nor Houghtaling <& Williams, were negligent.
 

 Gainsburgh, Williams’ former law firm, received mail that was sent by the U.S. Fifth Circuit to Williams. It was the practice of Gainsburgh to wait for mail to accumulate before forwarding it to Williams’ new address. Gainsburgh simply passed along mail addressed to a former employee. Gainsburgh was not negligent in their actions.
 

 Mr. Manzella appealed from the May 22, 2006 interlocutory judgment and the December 1, 2006 judgment.
 

 DISCUSSION
 

 Where a justiciable issue exists, La. C.C. P. articles 1871-1882, relative to declaratory judgments, give to courts of record the authority to issue declarations, where appropriate, that have the force and effect of final judgments and decrees. These articles, however, do not vitiate the other articles the Louisiana Code of Civil Procedure.
 
 Cf Burton v.
 
 Lester; 227 La. 347, 353, 79 So.2d 333, 335.
 

 | (;To obtain a declaratory judgment, a party must file a pleading to a court of competent jurisdiction setting forth a demand for the enforcement of a legal right. La. C.C.P. art. 421. The pleading is adversarial in nature and not simply an impersonal request for an advisory opinion.
 

 In his petition for declaratory judgment, Mr. Williams states no facts and makes no allegations that the defendants, Mr. Man-zella and Gainsburgh, Benjamin, abridged or were about to abridge his rights. He merely recites his actions in representing Mr. Manzella and asks the court to find him without fault.
 

 One can only assume that the legal “right” Mr. Williams seeks to enforce is the “right” not to be sued by Mr. Manzella for legal malpractice, which is a right clearly given to Mr. Manzella pursuant to La. C.C. art. 2316.
 
 [4]
 
 Furthermore, pursu
 
 *1052
 
 ant to the Louisiana Code of Civil Procedure articles on venue (La. C.C.P. arts. 42, 73 and 74), Mr. Manzella had the option to sue Mr. Williams, Houghtaling & Williams, and Gainsburgh, Benjamin either in Orleans Parish or Jefferson Parish, where he filed two days after Mr. Williams had sued for declaratory judgment in Orleans Parish. The petition of Mr. Williams, if granted, would effectively deprive Mr. Manzella of his option to bring the tort action against Mr. Williams in Jefferson Parish.
 

 Nonetheless, in this case, Mr. Williams’ petition for declaratory judgment does not state a cause of action against Mr. Manzel-la nor does it set forth a justiciable issue or controversy upon which the court can grant Mr. Williams the relief that he seeks, i.e., a finding that he did not commit legal malpractice before a 17legal claim has been made against him by Mr. Manzella.
 
 [5]
 

 See Burton v. Lester, supra.
 
 Therefore, we reverse the May 22, 2006 judgment, in part, to grant the peremptory exception of no cause of action.
 

 Furthermore, because an amendment to Mr. Williams’ and Houghtaling & Williams’ petition for declaratory judgment would not cure the deficiency,
 
 see
 
 La. C.C.P. art. 934, we vacate the December 1, 2006 judgment rendered in favor of Mr. Williams, Houghtaling
 
 &
 
 Williams, and Gainsburgh, Benjamin and dismiss Mr. Williams’ and Houghtaling & Williams’ suit for declaratory relief.
 

 REVERSED IN PART; VACATED AND DISMISSED.
 

 McKAY, J., concurs in the result.
 

 BELSOME, J., concurs with reasons.
 

 BELSOME, J., concurs with reasons.
 

 |TI write separately to emphasize the effect that James Williams’ and Houghtal-ing & Williams’ actions had on Nicholas Manzella’s rights.
 

 Mr. Manzella sought legal advice and counsel from attorney, James Williams and his then employer, Gainsburgh, Benjamin, David Meunier & Warshauer, and later his successor firm, Houghtaling & Williams. During the course of that representation, Mr. Manzella’s claims were dismissed with prejudice for failing to file an appellant brief. Regardless of the circumstances surrounding that failure, Mr. Manzella lost his chance to be heard.
 

 Rather than waiting to see if their actions or non-actions would result in Mr. Manzella filing a claim for damages, Williams and Houghtaling & Williams improperly sought declaratory relief from any and all wrongdoing associated with their handling of the claim entrusted to them by Mr. Manzella. That misguided request for absolution ignored the fundamental concepts upon which our civil justice system is founded.
 

 By filing a petition for declaratory judgment, James Williams and Houghtaling & Williams dictated the time and place in which Mr. Manzella was forced to defend his right to maintain a legal malpractice action against them. 1.¿People injured by other’s actions or inactions are granted rights through the Louisiana Civil Code.
 
 [1]
 
 
 *1053
 
 The statutes governing the pursuit of a cause of action allow potential plaintiffs to assert their claim to a proper venue within a given prescriptive period. The intent of those statutes is to allow an injured party time to ascertain the necessary information to adequately evaluate a potential claim of liability against another party. Mr. Manzella’s right to assert a cause of action is a vested property right protected by the guarantee of due process.
 
 [2]
 
 The trial court erred when it divested Mr. Manzella of his legal right to assert a claim against an alleged tortfeasor.
 

 There is no language in the Declaratory Judgment Act or related case law that suggests the intent of the act was to supersede all other rights granted to potential plaintiffs by Louisiana statutes. Declaratory actions are depicted as a procedure to “promote the simple, expedient trial of cases where the nature of the questions involved lend themselves readily to trial without the usual formalities to the end that resolution may be speedily achieved.”
 
 [3]
 
 This case does not fit into that category. Had the trial judge ruled in Mr. Manzella’s favor, the issue of damages would still have to be resolved. That type of piecemeal litigation is inconsistent with the spirit of our state laws and the Declaratory Judgment Act.
 

 Applying the Declaratory Judgment Act in the scope of tort litigation deprives an injured party of his due process rights. If we expand the use of the Declaratory Judgment Act to determine liability in tort cases we will create yet another obstacle for plaintiffs seeking to assert their legal rights.
 

 Although I write separately, I concur in the result.
 

 [1]
 

 . The suit was originally filed in the 24th Judicial District Court for the Parish of Jefferson, but was removed to the United States District Court for the Eastern District of Louisiana on the grounds of federal question and diversity jurisdiction.
 

 [2]
 

 . The appeal record contains a copy of a letter dated July 24, 2003 that Mr. Manzella sent to Gainsburgh, Benjamin, discharging the firm as his attorney and instructing the firm to give his file to Mr. Williams.
 

 [3]
 

 . The Internal Operating Procedures for the Fifth Circuit Local Rule 27.1.6 provides:
 

 Reinstatement of Cases Dismissed by the Clerk: The court normally will not reinstate a case dismissed by the clerk under 5th Cir. R. 27.1.6 unless:
 

 The deficiency which caused the dismissal has been remediated; and The Motion for reinstatement is made as soon as reasonably possible and in any event within 45 days of dismissal.
 

 [4]
 

 . La. C.C. art. 2316 provides, "[ejvery person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.”
 

 [5]
 

 . At the argument before the panel of five (5) judges, counsel for Mr. Manzella voluntarily withdrew his assignment of error which addressed the trial court's denial of his declina-tory exception of lack of subject matter jurisdiction. Because Mr. Manzella asserted no specific assignment of error regarding the trial court’s denial of his peremptory exceptions of no cause and/or no right of action, that is not an issue in this appeal. This Court, however, may notice the peremptory exceptions of no cause and/or no right of action on its own motion pursuant to La. C.C.P. art. 927 B.
 

 [1]
 

 . La. C.C. art 2316.
 

 [2]
 

 . See
 
 Burmaster v. Plaquemines Parish Government,
 
 2007-2432, p. 17 (La.5/21/08), 982 So.2d 795, 808 (citing
 
 Lott v. Plaley,
 
 370 So.2d 521 (La. 1979),
 
 Burmaster v. Gravity Drainage District No. 2,
 
 366 So.2d 1381 (La. 1978)).
 

 [3]
 

 .
 
 Couvillion v. James Pest Control, Inc.,
 
 98-2382, p. 2 (La.App. 4 Cir. 3/3/99), 729 So.2d 172, 174.