40 So.3d 160 (2010)
Michael M. FLOYD
v.
EAST BANK CONSOLIDATED FIRE PROTECTION DISTRICT FOR the PARISH OF JEFFERSON, and Jefferson Parish.
No. 09-CA-780.
Court of Appeal of Louisiana, Fifth Circuit.
April 13, 2010.
*162 Louis L. Robein, Jr., Kevin R. Mason, Attorneys at Law, Metairie, LA, for Plaintiff/Appellant.
Mickey P. Landry, Frank J. Swarr, David R. Cannella, Philip C. Hoffman, Attorneys at Law, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, FREDERICKA HOMBERG WICKER, and JUDE G. GRAVOIS.
FREDERICKA HOMBERG WICKER, Judge.
This appeal arises from a terminated firefighter's petition against the appointing authority concerning the firefighter's discharge for failure to return to work after exhausting his sick leave. Mr. Michael Floyd, the firefighter-plaintiff-appellant, asserts that the defendants/appellees, East Bank Consolidated Fire Protection District for the Parish of Jefferson and Jefferson Parish ("Fire Department") miscalculated the amount of sick leave days to which he was entitled by misinterpreting the controlling statute, La.R.S. 33:1995. He filed a petition against the Fire Department. Mr. Floyd seeks a declaratory judgment determining that any local law or regulation establishing statutory sick leave as a one-time, non-renewable grant is contrary to La.R.S. 33:1995 and public policy. In addition, Mr. Floyd seeks a declaration ordering his reinstatement to employment with the Fire Department effective the date of his compelled "resignation" on March 14, 2008. The Fire Department filed an exception of prematurity on the basis that Mr. Floyd failed to exhaust his administrative remedy. The trial judge sustained the exception and dismissed the petition without prejudice. Mr. Floyd now appeals. We affirm the trial judge's judgment sustaining the exception of prematurity.

Analysis

La.R.S. 33:1995
La.R.S. 33:1995 states:
Every fireman in the employ of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks.
Mr. Floyd argues that the Fire Department interpreted this provision to mean that a firefighter is allowed one non-renewable 52-week maximum over the course of his career. He contends that because of this alleged erroneous interpretation, he was deemed terminated when he did not return to work after using the nonrenewable maximum. He asserts that a different interpretation, i.e, renewable, would have allowed him to remain on sick leave until he could retire. In brief before this court, Mr. Floyd clarifies that La.R.S. 33:1995 should be interpreted to mandate 52 weeks of sick leave for each discrete injury.

Declaratory Judgment
Mr. Floyd seeks a declaratory judgment interpreting La.R.S. 33:1995. La.C.C.P. art. 1871 provides that a court "may declare rights, status, and other legal relations whether or not further relief is or could be claimed." La.C.C.P. art. 1876, however, provides that a "court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding." Like actions for conventional judgments, basic to the exercise of procedures *163 for declaratory relief, the action must present a justiciable controversy. American Waste & Pollution Control Co. v. St. Martin Parish Police Jury, 627 So.2d 158, 161 (La.1993) (Citation omitted). In addition, for a court to entertain an action for declaratory relief the question presented must be real and not theoretical. American Waste, supra. Courts are not empowered to render advisory opinions on moot or abstract issues of law. Id. (Citations omitted). Consequently, a declaratory action cannot generally be maintained unless it involves some specific adversary question or controversy asserted by interested parties and based on existing state of facts. Id. Cases submitted for adjudication must be justiciable, ripe for decision, and not brought prematurely. Id. A court must refuse to entertain an action for a declaration of rights if the issue presented is academic, theoretical, or based on a contingency which may or may not arise. Id.
The Fire Department maintained that the plaintiff had not exhausted all of his administrative remedies, thus making his request for declaratory judgment and reinstatement premature. In addition, the Fire Department argued below that Mr. Floyd was seeking an advisory opinion.
At the hearing on the motion, Mr. Floyd introduced no evidence to make the required showing. In particular, he did not present evidence that the interpretation of the statute was a justiciable issue. In this regard, he presented only general and conclusory allegations that the Fire Department was interpreting the statute adversely to firemen. Although both parties submitted a brief excerpt from the board's hearing, that excerpt did not contain the entire proceeding nor did it contain a factual determination by the board or the Fire Department as to whether there was more than one accident.
Thus, there is an issue of whether the Fire Department found as a factual matter that Mr. Floyd sustained one injury or two discrete injuries. The factual finding is significant. At this juncture, a declaration by the district court that the 52 weeks is non-renewable would constitute an advisory opinion. If the Fire Department granted Mr. Floyd 52 weeks for one injury, then Mr. Floyd was allowed the maximum to which he was entitled. Thus, there would be no need to interpret the statute. If, however, the Fire Department found that Mr. Floyd sustained discrete injuries, and only allowed him 52 weeks for all injuries combined, then the issue of non-renewability would be ripe and justiciable. Without a failure to act by the Fire Department, there can be no justiciable controversy regarding this issue. See: Prator v. Caddo Parish, 04-0794, p. 7 (La.12/1/04), 888 So.2d 812, 816. Thus, the declaratory judgment of statutory interpretation is premature and would constitute an advisory opinion on either a moot or abstract issue of law.

Prematurity
The functions of the dilatory exception, such as prematurity, permit raising the issue that a judicial cause of action has not come into existence because some prerequisite condition has not been fulfilled. La.C.C.P. art. 926(A)(1); Steeg v. Lawyers Title Ins. Corp., 329 So.2d 719, 720 (La.1976). A suit is premature if it is brought before the right to enforce the claim sued upon has accrued. La.C.C.P. art. 423 ("When an action is brought on an obligation before the right to enforce it has accrued, the action shall be dismissed as premature, but it may be brought again after this right has accrued."). Prematurity is determined by the facts existing at the time a suit is filed. Sevier v. U.S. Fidelity & Guar. Co., 497 So.2d 1380, 1382 (La.1986); Vizzini v. Ward, 94-290, p. 4 *164 (La.App. 5 Cir. 10/12/94), 645 So.2d 735, 736, citing Sevier, supra. The defendant pleading the exception has the initial burden of showing that an administrative remedy is available, by reason of which the judicial action is premature. Steeg, supra. Upon such showing, the burden then shifts to the plaintiff to show or prove that the present is one of the exceptional situations where the plaintiff is entitled to judicial relief because any administrative remedy is irreparably inadequate. Id. (Citation omitted). On the trial of the dilatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La.C.C.P. art. 930.
La. Const. art. 10, § 16 creates and establishes a system of classified fire and police civil service. Pursuant to that constitutional establishment of a system, the legislature authorized the Fire Civil Service Board to pass upon such employee complaints as dismissal.
La.R.S. 33:2537(5) mandates that the Fire and Police Civil Service Board "[c]onduct investigations and pass upon complaints by or against any officer or employee in the classified service for the purpose of demotion, reduction in position or abolition thereof, suspension, or dismissal of the officer or employee." La.R.S. 33:2501(A) provides a remedy to an employee who has been discharged "without just cause" as follows: "Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action." The board is required to grant the employee a hearing and investigation within thirty days after receipt of the written request. Id. After its investigation, "the board may, if the evidence is conclusive, affirm the action of the appointing authority." La.R.S. 33:2501(C)(1). If the board finds that the employee's discharge was not taken in good faith for cause, "the board shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which he was removed, suspended, demoted, or discharged, which reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of removal, suspension, demotion, discharge, or other disciplinary action." The board also has the authority to modify the order of discharge. Id.
The employee has a right to appeal "any decision of the board, or from any action taken by the board ... that is prejudicial to the employee." La.R.S. 33:2501(E)(1). "This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled." Id. A hearing on the appeal from the board's decision regarding the appointing authority's termination of the employee "shall be confined to the determination of whether the decision made by the board was made in good faith for cause." La.R.S. 33:2501(E)(3).
Mr. Floyd appealed the Fire Department's decision to terminate him to the Fire Civil Service Board. The board heard the appeal after the petition herein had been filed. After the board denied his reinstatement, Mr. Floyd appealed that decision to the district court in a separate proceeding. Mr. Floyd argues on appeal that the trial court erred in sustaining the exception of prematurity because the board was without legal authority and jurisdiction to adjudicate Mr. Floyd's sick leave claim. He asserts that the trial court erred in ignoring the statutory question of the renewability of sick leave under *165 La.R.S. 33:1995 and his demand for reinstatement.
Mr. Floyd relies on Kenner Firefighters Association Local No. 1427 v. City of Kenner, 96-361, pp. 2, 7 (La.App. 5 Cir. 11/14/96), 685 So.2d 265, 266, which held that the statutory grant of power to the board did not permit it to make a decision requiring the interpretation of state statutes. In that case, the firefighters brought a class action suit against the City of Kenner, alleging that the City failed to properly compensate them for vacation and holiday periods as provided by La.R.S. 33:1996 and 1999. The City filed an exception of prematurity, which the trial judge sustained. The trial judge concluded that the plaintiffs had not exhausted their administrative remedies. This court reversed. It held that the board could not make a decision requiring the interpretation of state statutes. Mr. Floyd asserts that since the board could not grant relief regarding the statutory issue, he could not be expected to raise his claim with the board.
Kenner Firefighters Association Local No. 1427 is distinguishable because in that case the sole issue was interpretation of the statute. Here, however, Mr. Floyd also seeks reinstatement.
We conclude the Fire Department met its initial burden of showing that an administrative remedy is available. The board clearly has authority to review Mr. Floyd's claim that his discharge was not taken in good faith for cause. The board has the authority to order the immediate reinstatement or reemployment upon finding that the discharge was not taken on that basis. Mr. Floyd is now appealing the board's adverse decision in a separate proceeding in the district court. In that matter, Mr. Floyd will have the opportunity to challenge the board's findings and to argue that the board lacked a rational basis for the action taken. See: Shields v. City of Shreveport, 579 So.2d 961, 964 (La.1991).
In Shields, supra, 579 So.2d at 964-967, the Supreme Court considered an appeal from the Fire and Police Civil Service Board by terminated policemen. Among other things, the plaintiffs argued that § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1982) should operate to prevent their being terminated without first being offered rehabilitative treatment for their alcoholism. The Court found that the plaintiffs did not raise the issue before the board at any time. Thus, the issue of whether the Rehabilitation Act operated to prevent their termination would ordinarily not be considered. However, the issue had been briefed and argued by counsel and, in the interest of judicial economy, the Court deemed it important to address the question. The Court then proceeded to interpret the Rehabilitation Act. It concluded that the plaintiffs were not "individuals with handicaps" and were not protected by the Rehabilitation Act.
Unlike Shields, the brief excerpt from the hearing before the board indicates that the issue of sick leave renewability was raised at that hearing. Thus, the issue of whether the board lacked a rational basis for the action taken in terms of alleged non-renewability was properly before the board. Therefore, there is even a stronger basis for appellate review than in Shields. Shields is instructive because it indicates that Mr. Floyd has an adequate remedy in his appeal from the board's decision. In Shields, the plaintiffs argued that the Rehabilitation Act provided a defense for their termination. The Supreme Court interpreted the Act and found that it did not apply. Similarly, in his appeal to the district court from the board's decision, Mr. Floyd can argue, if necessary, that the Fire Department miscalculated the sick *166 leave under the statute and that the board had no rational basis for its action.
Upon the Fire Department's showing, the burden then shifted to Mr. Floyd to show or prove that this is one of the exceptional situations where he is entitled to judicial relief because any administrative remedy is irreparably inadequate. Mr. Floyd failed to make that showing.
In sum, Mr. Floyd failed to exhaust his administrative remedies, and his claims for reinstatement and for a declaratory judgment, were properly dismissed without prejudice.

Decree
For the reasons stated, we affirm the trial judge's judgment sustaining the exception of prematurity.
AFFIRMED.
EDWARDS, J., dissents in part.
In my opinion, the portion of the suit at issue asking for a declaratory judgment is not premature. Under La.C.C.P. art. 1872, a person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder. The majority bases its holding partially on the fact that Mr. Floyd subsequently filed for an appeal in another court from the Board's decision to fire him and a finding that he will have adequate remedy on appeal from that decision. However, under La.C.C.P. art. 1871, a declaratory judgment is available whether or not further relief is or could be claimed, and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.
In Abbott v. Parker, 259 La. 279, 249 So.2d 908, 918 (La.1971), the Louisiana Supreme Court defined "justiciable controversy" in relation to declaratory relief, as follows:
A "justiciable controversy" connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of a conclusive character. Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of the declaratory judgment.
Where a justiciable issue exists, La. C.C.P. arts. 1871-1882, relative to declaratory judgments, give to courts of record the authority to issue declarations, where appropriate, that have the force and effect of final judgments and decrees. Williams v. Manzella, 07-0090 (La.App. 4 Cir. 9/30/09), 21 So.3d 1048. These articles, however, do not vitiate the other articles of the Louisiana Code of Civil Procedure. To obtain a declaratory judgment, a party must file a pleading to a court of competent jurisdiction setting forth a demand for the enforcement of a legal right. Id. The pleading is adversarial in nature and not simply an impersonal request for an advisory opinion. Id.
In Davis v. Town of St. Gabriel, 01-0031 (La.App. 1 Cir. 2/15/02), 809 So.2d 537, writ denied, 02-0771 (La.10/14/02), 827 So.2d 420, the court found a declaratory action was not premature when it involved the possible violation of an ordinance. The *167 matter concerned a building permit that was issued, although no final plans for construction had been made. In analyzing La.C.C.P. arts. 1871-72, the court held:
The function of a declaratory judgment is simply to establish the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done. Watts v. Aetna Casualty & Surety Co., 574 So.2d 364 (La.App. 1 Cir.1990), writ denied, 568 So.2d 1089 (La.1990); State, Department of Transportation & Development v. Sugarland Ventures, Inc., 476 So.2d 970 (La.App. 1 Cir.), writ denied, 478 So.2d 909 (La.1985). A declaratory judgment action authorizes a court ruling on certain types of issues even though those issues would not be "justifiable" in an ordinary action. This case involves the validity of a contract and possible violation of an ordinance. These issues are not premature when raised in an action for a declaratory judgment.
Id. at 542.
The issue of renewability was before the board and, by extrapolation, so was the question of whether he sustained more than one injury. Thus, the question before the district court was neither hypothetical nor abstract, but was, rather, a justiciable controversy. Mr. Floyd contests the statutory interpretation, which resulted in his firing, giving him a legally protectable and tangible interest rather than an impersonal request for an advisory opinion. The existence of the second filed appeal is not relevant to the present inquiry.
Therefore, I respectfully dissent.