EDWARDS, J.,
dissents in part.
|,In my opinion, the portion of the suit at issue asking for a declaratory judgment is not premature. Under La.C.C.P. art. 1872, a person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder. The majority bases its holding partially on the fact that Mr. Floyd subsequently filed for an appeal in another court from the Board’s decision to fire him and a finding that he will have adequate remedy on appeal from that decision. However, under La.C.C.P. art. 1871, a declaratory judgment is available whether or not further relief is or could be claimed, and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.
In Abbott v. Parker, 259 La. 279, 249 So.2d 908, 918 (La.1971), the Louisiana Supreme Court defined “justiciable controversy” in relation to declaratory relief, as follows:
A “justiciable controversy” connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of a conclusive character. Further, the 12plaintiff should have a legally protecta-ble and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of the declaratory judgment.
Where a justiciable issue exists, La. C.C.P. arts. 1871-1882, relative to declaratory judgments, give to courts of record the authority to issue declarations, where appropriate, that have the force and effect of final judgments and decrees. Williams v. Manzella, 07-0090 (La.App. 4 Cir. 9/30/09), 21 So.3d 1048. These articles, however, do not vitiate the other articles of the Louisiana Code of Civil Procedure. To obtain a declaratory judgment, a party must file a pleading to a court of competent jurisdiction setting forth a demand for the enforcement of a legal right. Id. The pleading is adversarial in nature and not simply an impersonal request for an advisory opinion. Id.
In Davis v. Town of St. Gabriel, 01-0031 (La.App. 1 Cir. 2/15/02), 809 So.2d 537, writ denied, 02-0771 (La.10/14/02), 827 So.2d 420, the court found a declaratory action was not premature when it involved the possible violation of an ordinance. The *167 matter concerned a building permit that was issued, although no final plans for construction had been made. In analyzing La.C.C.P. arts. 1871-72, the court held:
The function of a declaratory judgment is simply to establish the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done. Watts v. Aetna Casualty & Surety Co., 574 So.2d 364 (La.App. 1 Cir.1990), writ denied, 568 So.2d 1089 (La.1990); State, Department of Transportation & Development v. Sugarland Ventures, Inc., 476 So.2d 970 (La.App. 1 Cir.), writ denied, 478 So.2d 909 (La.1985). A declaratory judgment action authorizes a court ruling on certain types of issues even though those issues would not be “justifiable” in an ordinary action. This case involves the validity of a contract and possible violation of an ordinance. These issues are not premature when raised in an action for a declaratory judgment.
Id. at 542.
|sThe issue of renewability was before the board and, by extrapolation, so was the question of whether he sustained more than one injury. Thus, the question before the district court was neither hypothetical nor abstract, but was, rather, a justiciable controversy. Mr. Floyd contests the statutory interpretation, which resulted in his firing, giving him a legally protectable and tangible interest rather than an impersonal request for an advisory opinion. The existence of the second filed appeal is not relevant to the present inquiry.
Therefore, I respectfully dissent.