GRAVOIS, J.
Plaintiff/appellant, Bayou Orthotic and Prosthetics Center, L.L.C. ("Bayou"), appeals a trial court judgment which granted an exception of prematurity filed by defendant/appellee, Morris Bart, L.L.C. ("Bart"), and dismissed the case. For the reasons that follow, we affirm the trial court's judgment.
FACTS AND PROCEDURAL HISTORY
Bayou owns and operates a medical specialty business that provides medical prosthetics *1278 and related services and equipment. In 2006, Bayou provided Leroy Davis with an above-the-knee prosthesis after he had been injured in an accident in Orleans Parish on February 5, 2006. On September 19, 2006, Bart sent a letter to Bayou stating that it was representing Mr. Davis for injuries he sustained in said accident and it was requesting a copy of Mr. Davis's medical records. On January 4, 2007, Bart sent another letter to Bayou stating that it would protect Bayou's medical charges in the amount of $29,124.76 for the fitting of Mr. Davis's prosthesis, as outlined in an October 20, 2006 invoice, "out of any net settlement or proceeds obtained during this firm's representation in this matter as a result of any claims for damages" arising out of Mr. Davis's February 5, 2006 accident.[1] On January 11, 2007, Bart sent a similar letter to Bayou, again assuring Bayou that it would protect the $29,124.76 "out of any net settlement or proceeds obtained during this firm's representation in this matter as a result of any claims for damages" arising out of Mr. Davis's accident. Bayou continued to treat Mr. Davis for almost ten years thereafter for a number of services valued by Bayou at $125,923.40.
On January 4, 2017, Bayou filed a Petition for Damages against Bart, claiming that it had not been paid any amount from Bart on Mr. Davis's outstanding balance for services rendered, despite assurances of payment having been made by Bart, both by letters and orally.[2] In its petition, Bayou alleged that it had never agreed to an arrangement with Bart to operate on a "lien basis," nor to only be paid out of a settlement. Bayou argued that it was a specialty provider that did not operate in that manner. The petition made several claims against Bart, including detrimental reliance, breach of contract, negligence, and "promissory and equitable estoppel." Bayou prayed that it be compensated for the full value of all medical services it provided to Mr. Davis, "allowable" interest on the balance of Mr. Davis's account, and reasonable attorney's fees and costs.
In response to the petition, Bart filed various exceptions, including an exception of prematurity in which Bart argued that Bayou's claims were premature since its obligation to make payment to Bayou was dependent upon the occurrence of a suspensive condition-the payment to Bart of settlement proceeds-which had not yet occurred.[3] In its memorandum in support of its exceptions, Bart acknowledged that through its January 4, 2007 and January 11, 2007 letters, it guaranteed payment to Bayou of $29,124.76 out of any net settlement or proceeds obtained during its representation of Mr. Davis. Bart further provided that on December 7, 2009, a settlement in the amount of $1,890,872.00 had been reached in Mr. Davis's personal injury case, and a stipulated judgment in the settlement amount had been rendered against the City of New Orleans on that *1279 date; however, to date, the City had not appropriated the funds to pay the judgment, and thus, no settlement proceeds had been obtained. Bart argued that since the obligation to pay the medical expenses was predicated upon the receipt of proceeds through settlement or judgment, which had not yet occurred, Bayou's suit was premature.
In opposition to the exception, Bayou argued that the agreement between the parties was based on a term, not on a suspensive condition, and accordingly, payment had to be made within a reasonable time. Bayou argued that Bart did not perform as agreed to at the time of the settlement, nor did it perform within a reasonable time after the settlement. Alternatively, Bayou argued that the term and/or condition is not based upon when Bart received the settlement or proceeds, but rather when Bart obtained a settlement or proceeds. Since Bart obtained the settlement on December 7, 2009, Bayou argued that the term had expired and/or the condition had occurred and was therefore enforceable.
The trial court conducted a hearing on the exceptions on May 24, 2017. At the end of the hearing, the trial judge orally sustained the exception of prematurity and dismissed the case. A written judgment to this effect was signed on May 31, 2017.[4]
On appeal, Bayou assigns the following errors, to-wit:
1. The claims brought against Bart are not premature; the case needs a full trial based on the positions of both parties regarding the responsibility of payment.
2. The existence of a mandate would not preclude Bart from being bound to perform.
3. Bart is personally responsible by writing an expressed promise to pay.
ASSIGNMENT OF ERROR NUMBER ONE
The dilatory exception of prematurity questions whether the cause of action has matured to the point where it is ripe for judicial determination. La. C.C.P. art. 926 ; Buford v. Williams , 11-568 (La. App. 5 Cir. 2/14/12), 88 So.3d 540, 543, writ denied , 12-0624 (La. 4/27/12), 86 So.3d 630. "The functions of the dilatory exception, such as prematurity, permit raising the issue that a judicial cause of action has not come into existence because some prerequisite condition has not been fulfilled." Floyd v. East Bank Consol. Fire Prot. Dist. for the Parish of Jefferson , 09-780 (La. App. 5 Cir. 4/13/10), 40 So.3d 160, 163, writ denied , 10-1094 (La. 9/3/10), 44 So.3d 689 (citing La. C.C.P. art. 926(A)(1)[5] and Steeg v. Lawyers Title Ins. Corp. , 329 So.2d 719, 720 (La. 1976) ). "A suit is premature if it is brought before the right to enforce the claim sued upon has accrued." Id. (citing La. C.C.P. art. 423[6] ). "Prematurity *1280 is determined by the facts existing at the time a suit is filed." Id. (Citations omitted.) The burden of proving prematurity is on the mover. Matherne v. Jefferson Parish Hospital Dist. No. 1 , 11-1147 (La. App. 5 Cir. 5/8/12), 90 So.3d 534, 536, writ denied , 12-1545 (La. 10/12/12), 98 So.3d 873. Appellate review of a judgment sustaining an exception of prematurity is usually manifest error. However, when resolution of an exception of prematurity involves a question of law, the appellate court undertakes a de novo review. Landis Constr. Co., LLC v. Reg'l Transit Auth. , 15-0854 (La. App. 4 Cir. 5/25/16), 195 So.3d 598, 602.
On appeal, Bayou relies on Tymeless Flooring, Inc. v. Rotolo Consultants , Inc. , 14-1392 (La. App. 4 Cir. 5/20/15), 172 So.3d 145, to argue that the alleged agreement is based on a "pay-when-paid" payment clause, which is a term of payment, and not a "pay-if-paid" payment clause, which is a suspensive condition.[7] Bayou asserts that Tymeless provides that a "pay-when-paid" clause governs timing and requires that, though there may be a delay in the execution, payment must be made within a reasonable time. Id. at 150. Bayou argues that Bart did not perform as promised at the time of the settlement and judgment, nor did it perform within a reasonable time thereafter, since nearly ten years had passed since Bayou first treated Mr. Davis. Bayou further argues that although there was no formal agreement between the parties, only promises to protect one bill, Bart made oral assurances to Bayou that Bayou would be paid in full. Bayou also argues that it put Bart in default within a reasonable time.
Upon review, we find that the trial court did not commit manifest error in its granting of the exception of prematurity. The trial court was presented with Bart's letters that clearly state that Bart would only protect Bayou's charges "out of any net settlement or proceeds obtained" as a result of any claims for damages arising out of Mr. Davis's February 5, 2006 accident. Although Bayou argues that it never agreed to be paid on a lien basis and oral assurances from Bart led it to continue treating Mr. Davis, based on the evidence and arguments presented at the hearing on the exceptions, the trial court apparently did not credit Bayou's assertions of oral agreements between the parties, and for purposes of the exception, chose to believe that Bart's letters were the extent of the agreement reached by the parties.[8] Upon review of the entirety of the record, we cannot say that the trial court was manifestly erroneous in its assessment of the evidence and arguments presented to *1281 it at the hearing on the exception of prematurity.
In brief, Bayou cites this Court to Tymeless , supra , in support of its argument that the contract in question contained a "pay-when-paid" clause, rather than a "pay-if-paid" clause. In Tymeless , the court focused on the language in the construction contract at issue to determine if the payment provision would qualify as a "pay-when-paid" clause or a "pay-if-paid" clause, and looked for definitive terms such as "unless and until" or even "if" when making its determination.[9]
Upon review, we find that Tymeless is distinguishable from the present case. First, Tymeless deals with payment provisions of a construction contract, specifically the process of payment by contractors to subcontractors under a construction contract. Tymeless , 172 So.3d at 146. In contrast, the present case deals with an entirely different type of contract: an agreement between an attorney and a medical treatment provider in relation to a personal injury claim.
Second, in contrast to the language contained in the construction contract under review in Tymeless , Bart's letters to Bayou in the present case expressly include the "condition precedent" that payment would be made by Bart to Bayou out of any net settlement or proceeds "obtained" by Bart, an uncertain event which has not yet occurred,[10] thus qualifying the language contained in Bart's letters to Bayou as a "pay-if-paid" clause, rather than a "pay-when-paid" clause.
Third, the court in Tymeless found that "pay-if-paid" language in the context of a construction contract resulted in the "harsh" consequence of shifting the risk of the owner's lack of payment from the contractor to the subcontractor. Id. at 152. In the present case, Bayou obviously appreciated and accepted the risk of nonpayment by its continued treatment of Mr. Davis after receipt of Bart's letters, as Bart's letters to Bayou provide that payment to Bayou was conditioned upon Bart's obtaining proceeds from a judgment or settlement in Mr. Davis's personal injury lawsuit, an uncertain event then and now.
Thus, based on the evidence presented for purposes of the exception, we find that the trial court did not err in granting the exception of prematurity. The "prerequisite condition" that Bart would pay "out of any net settlement or proceeds obtained," established in Bart's letters to Bayou, has not yet occurred, and therefore, Bayou's claim is premature: it was brought "before the right to enforce the claim sued upon has accrued." Floyd , supra .
This assignment of error is without merit.
*1282 ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE
Considering our finding that the trial court properly granted Bart's exception of prematurity, we pretermit any review or discussion of Bayou's remaining alternative assignments of error.
CONCLUSION
For the foregoing reasons, the trial court's judgment that granted Bart's exception of prematurity is affirmed.
AFFIRMED

Bart had previously entered into a contingency fee contract with Mr. Davis to represent him in connection with his accident. In the contract, Mr. Davis granted Bart the authority to "guarantee payment of [his] outstanding medical bills and other expenses out of the net proceeds of any settlement or judgment." The contract further provided that the remaining bills not paid out of the settlement or judgment would remain Mr. Davis's responsibility.

Mr. Davis was not named as a party-defendant in Bayou's suit.

Bart also filed exceptions of no cause of action pursuant to the rules of mandate; no cause of action to any amount in excess of $29,124.76; vagueness and ambiguity of the petition; and failure to join a necessary and/or indispensable party, Mr. Davis.

In its judgment, the trial court additionally denied the exception of no cause of action pursuant to the rules of mandate and denied the other exceptions as moot in consideration of the grant of the exception of prematurity.

La. C.C.P. art. 926(A)(1) provides:
A. The objections which may be raised through the dilatory exception include but are not limited to the following:
(1) Prematurity.

La. C.C.P. art. 423 provides:
An obligation implies a right to enforce it which may or may not accrue immediately upon the creation of the obligation. When the obligation allows a term for its performance, the right to enforce it does not accrue until the term has elapsed. If the obligation depends upon a suspensive condition, the right to enforce it does not accrue until the occurrence or performance of the condition.
When an action is brought on an obligation before the right to enforce it has accrued, the action shall be dismissed as premature, but it may be brought again after this right has accrued.

La. C.C. art. 1767 defines a suspensive condition, providing in pertinent part:
A conditional obligation is one dependent on an uncertain event.
If the obligation may not be enforced until the uncertain event occurs, the condition is suspensive.

The only evidence Bayou submitted at the hearing on the exceptions was an affidavit of Kenneth Bordelon, an owner of Bayou. The record reflects that the affidavit was admitted into evidence at the hearing, but was not filed into the record of the proceeding until nearly a month after the trial court had already ruled on the exceptions. In any event, in his affidavit, Mr. Bordelon asserted that upon receipt of the January 4, 2007 letter from Bart, he "discussed this letter with a lawyer from [Bart] who stated that [Bayou] would be paid by [Bart] for the medical services it provides to [Mr. Davis]." The affidavit further asserted that pursuant to Mr. Bordelon's "understanding" in conversations with Bart, Bayou would be paid for the services being provided to Mr. Davis by the Bart law firm, and that based on "statements" made by Bart, Bayou continued treating Mr. Davis for the past ten years.

In Tymeless , 172 So.3d at 152, the court stated:
The determinative factor in interpreting whether a payment provision is a "paid-when-paid" clause-a term of payment-or a "pay-if-paid" clause-a suspensive condition-is the language in the contract. Because of the harsh consequences of enforcing "pay-if-paid" clauses, the jurisprudence has imposed a requirement that to be enforceable, such clauses must contain " 'clear and unequivocal language set forth unambiguously on the face of the contract.' " Although no particular language is necessary, the jurisprudence has enforced "pay-if-paid" clauses that expressly include the following language: (1) payment to the contractor is a condition precedent to payment to the subcontractor; (2) the subcontractor is to bear the risk of the owner's nonpayment; or (3) the subcontractor is to be paid exclusively out of a fund the sole source of which is the owner's payment to the subcontractor.
(Citations omitted.)

It is undisputed that although Bart reached a settlement with the City of New Orleans, no settlement proceeds have been obtained.