LANDIS CONSTRUCTION CO., LLC

NO. 24-C-510

VERSUS

FIFTH CIRCUIT

DRP MASONRY, LLC

COURT OF APPEAL

STATE OF LOUISIANA

_____ October 31, 2024 _____

Susan Buchholz
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

**IN RE** DRP MASONRY, LLC

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JACQUELINE F. MALONEY, DIVISION "D", NUMBER 847-175

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Scott U. Schlegel

**WRIT DENIED**

Defendant-relator, DRP Masonry, LLC, seeks supervisory review of the trial court's decision overruling its exception of prematurity. For the reasons that follow, we deny the writ application.

In October of 2022, DRP submitted a bid proposal for a total of $656,853.00 to perform masonry work as a subcontractor to plaintiff-respondent, Landis Construction. Landis, which was in the process of preparing its own bid to become the contractor on the Bacteriological and Wet Chemistry Laboratory project for Jefferson Parish, accepted DRP's proposal. On March 1, 2023, Jefferson Parish awarded the contract to Landis, and on March 8, 2023, Landis awarded the masonry subcontract to DRP. DRP subsequently determined that the Unit Price Form that Landis had provided DRP for the bidding process contained inaccuracies. DRP therefore updated its bid proposal and asked Landis to revise the subcontract to reflect a new bid amount of $1,035,000.00. Landis responded that the inaccuracies in the Unit Price Form could be addressed in the form of a change order in the future. DRP did not sign the subcontract with Landis, and Landis awarded the job to another subcontractor, WT Construction, for $1,025,075.00.

According to DRP, WT began working on the project in June of 2023, but DRP did not officially decline to do the work until July of 2023.[1] On September 15, 2023, Landis filed suit against DRP, alleging that it had detrimentally relied on

_____

[1] Landis's Answer to Interrogatories indicate, however, that on May 23, 2023, DRP informed Landis that it intended to abandon the project. Nevertheless, on June 7, 2023, DRP submitted a revised proposal to Landis for $1,035,000.00.

24-C-510

DRP's bid proposal and that DRP had breached the bid proposal when it refused to perform the masonry work for the original price stated. Landis's Petition alleged that it sustained lost profits on the project and other economic harm. On April 30, 2024, Landis filed a supplemental and amended petition that pled additional facts in support of its detrimental reliance and breach of contract claims.

On May 20, 2024, DRP filed an exception of prematurity, arguing that Landis filed suit before its right to recover damages accrued. The trial court denied the exception. DRP now seeks supervisory review of that ruling.

An exception of prematurity questions whether a cause of action has matured to the point where it is ripe for judicial determination. *Bayou Orthotic & Prosthetics Ctr., L.L.C. v. Morris Bart, L.L.C.*, 17-557 (La. App. 5 Cir. 3/28/18), 243 So.3d 1276, 1279. An action is deemed premature when it is brought before the right to enforce it has accrued. *Id.* (citing La. C.C.P. art. 423). Prematurity is determined by the facts existing at the time a suit is filed. *Id.* at 1279-80. The burden of proving prematurity is on the mover. *Id.* at 1280. An exception of prematurity ordinarily is reviewed for manifest error, unless the exception involves a question of law, in which case we conduct *de novo* review. *Id.*

DRP contends that while Landis's lawsuit seeks to recover $368,222.00 in damages, the suit is premature because there are still outstanding payments to be made and change orders to be reviewed, rendering the final cost of the scope of masonry unknown. Actual damages are a requisite element of the breach of contract and detrimental reliance claims that Landis asserts. *See Stipp v. MetLife Auto & Home Ins. Agency, Inc.*, 17-61 (La. App. 5 Cir. 8/30/17), 225 So.3d 1182, 1189, *writ denied*, 17-1774 (La. 12/5/17), 231 So.3d 632; *Suire v. Lafayette City-Park. Consol. Gov't*, 04-1459 (La. 4/12/05), 907 So.2d 37, 59. According to DRP, because Landis may still recover its alleged damages through change orders submitted to the owner of the project (due to the discrepancies in the Unit Price Form), Landis had not sustained any damages at the time it filed suit, and the matter is premature.

In its opposition filed in the trial court, Landis argued that it sustained damages when it had to renegotiate a contract with another subcontractor for the masonry scope of work after DRP abandoned the project. Landis further argues that prescription began to run as soon as it realized that some damages had been sustained, per *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351 (La. 1992). In *Harvey*, the Louisiana Supreme Court stated that although the damage suffered "must at least be actual and appreciable in quality[, …] there is no requirement that the quantum of damages be certain or that they be fully incurred, or incurred in some particular quantum, before the plaintiff has a right of action." *Id.* at 354. Thus, under *Harvey*, prescription begins to run from the date on which the plaintiff suffered actual and appreciable damage. Landis contends that even if its damages had not been fully determined in September of 2023, the lawsuit is not premature. Moreover, Landis argued that DRP's exception is moot, because the masonry work is now complete, Landis's damages have been fully realized, and those damages can be proven with reasonable certainty.

On the showing made, we find no manifest error in the trial court's denial of the exception of prematurity, nor in its apparent determination that DRP failed to meet its burden of proving that Landis had not incurred any damages at the time it filed suit on September 15, 2023. Even if the exact damages were indeterminate at

that time, exact damages are not required when filing a breach of contract claim and are prohibited from being pled in a tort action. La. C.C.P. art. 893; *Harvey*, *supra*. Accordingly, we deny DRP's writ application.

Gretna, Louisiana, this 31st day of October, 2024.

**SMC**
**SJW**
**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/31/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-C-510**

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Jacqueline F. Maloney (DISTRICT JUDGE)
Alexis N. Coco (Relator)

### MAILED

Christopher K. LeMieux (Respondent)
Patrick A. Talley, III (Respondent)
Attorney at Law
1100 Poydras Street
Suite 1100
New Orleans, LA 70163

Donald J. Anzelmo (Relator)
Attorney at Law
200 Breard Street
Monroe, LA 71201